Brian Procel (Cal. Bar No. 218657)
Brian@Procel-Law.com
Jeremiah Levine (Cal. Bar No. 288377)
Jeremiah@ProcelLevine.com
Marty Pritikin (Cal. Bar No. 210845)
Marty@Procel-Law.com
**PROCEL LEVINE LLP**
401 Wilshire Blvd, Fl 12
Santa Monica, CA 90401-1456
Phone: 424-788-4538

*Attorneys for Defendant AppFolio, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| BEAGLE LABS, INC., a Delaware corporation, BEAGLE TECHNOLOGIES, INC., a Delaware corporation, BIG BEAGLE, INC., a Delaware corporation, RENTAL PROPERTY MANAGERS ASSOCIATION LLC, an Alabama limited liability company, and YRIG RISK RETENTION GROUP, INC., an Alabama corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>APPFOLIO, INC., a California corporation,<br><br>    Defendants. | Case No.  3:25-cv-10670-AMO<br><br>**APPFOLIO'S BRIEF RE TRANSFER OF VENUE**<br><br>**[Declaration of Sean Saxena Filed Concurrently Herewith]** |

**PRELIMINARY STATEMENT**

Santa Barbara County-based AppFolio sued Beagle in Santa Barbara Superior Court (the "Santa Barbara Case"). The Santa Barbara Case alleges that Beagle is spreading misinformation to recruit AppFolio's customers. AppFolio is seeking injunctive relief to prevent Beagle from engaging in false advertising and tortious interference, among other things. The next week, Beagle filed this suit (the "Northern District Case"). In the Northern District Case, Beagle alleges that AppFolio is spreading misinformation to customers and improperly seeking to exclude it from AppFolio's software. Beagle is seeking injunctive relief for false advertising and tortious interference. Needless to say, there is tremendous overlap among the two cases.

There is no basis for Beagle to file this action in the Northern District. None of the Plaintiffs reside here. Defendant does not reside here. AppFolio's conduct did not occur here. Defendants' witnesses and counsel are not located here. None of Plaintiffs' allegations pertain to any relevant conduct here. And, under well-settled law, it is immaterial that a fraction of the customers involved in this matter reside here. This case should be transferred to the Central District for the convenience of counsel, the parties, the witnesses, and the Court.

## I.      LEGAL STANDARDS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Beagle concedes this case "might have been brought" in the Central District. (Dkt. 1 ¶¶ 17, 20.) "Private factors to be considered include the location where the operative events occurred, the convenience of the parties and non-party witnesses, the location of relevant evidence . . . and other practical considerations . . . Courts also look to the so-called public factors such as relative docket congestion . . . [and] judicial economy." *Adachi v. Carlyle/Galaxy San Pedro L.P.,* 595 F.Supp.2d 1147, 1151 (S.D. Cal. 2009).

A district court's decision to change venue is reviewed for abuse of discretion. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) (affirming transfer given "no significant connection between" plaintiff's chosen venue "and the facts alleged in the complaint.").

1

## II.      ARGUMENT

### None of the Plaintiffs are Residents of the Northern District of California

Although courts may consider a plaintiff's choice of forum, "[w]hen a plaintiff brings its charges in a venue that is not its home forum . . . that choice of forum is entitled to less deference."). *In re Link_A_Media Devices Corp.,* 662 F.3d 1221, 1223 (Fed. Cir. 2011) (granting writ of mandamus to transfer venue); *see Kapoor v. Nat'l Rifle Ass'n of Am.,* 343 F. Supp. 3d 745, 752-53 (N.D. Ill. 2018) (transferring venue where plaintiff was not a resident of either venue, and defendant's headquarters, witnesses, and documents were in transferee venue).

Here, ***none of the plaintiffs are residents of California***, let alone the Northern District. Plaintiffs appear to have chosen the Northern District mainly to increase the cost and burden for AppFolio. "[F]orum shopping is not looked upon with favor by the federal courts." *Mobil Oil Corp. v. W. R. Grace & Co.*, 334 F. Supp. 117, 131 (S.D. Tex. 1971).

### Beagle Does Not Allege Any Operative Events Occurred in This District

Beagle alleges that AppFolio is defaming it by "intentionally making false statements about the company and its services" and has "threatened to fully block Beagle's domains from accessing its platform." (Dkt. ¶¶ 7, 9.) Any "defamation" or "threats" would have been made in Santa Barbara County[1], California, where AppFolio is. (Saxena Decl., ¶¶ 3-6.) Given Beagle's claims for false advertising, interference, and unfair competition, what matters is where AppFolio's statements were made or policies were formulated—in Santa Barbara. *Enigma Software Grp. USA, LLC v. Malwarebytes Inc.,* 260 F. Supp. 3d 401, 409 (S.D.N.Y. 2017) ("[T]he most central witnesses in this case will be Malwarebytes employees called to testify regarding the process by which [defendant] revised its . . . criteria so as to disfavor [plaintiff's] products."); *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1094 (N.D. Cal. 2013) (transferring to venue where "key decisions regarding advertising and labeling of the products were made."). There is not a single substantive allegation related to this district. *See Chen v.*

---

[1] References to AppFolio's location in Santa Barbara County will be abbreviated to Santa Barbara.

*Wang*, 793 F. Supp. 3d 447, 456 (E.D.N.Y. 2025) ("Plaintiffs' decision to file a complaint with no factual allegations related to any person, entity, or conduct in this district is questionable.").

To manufacture venue, Beagle alleges vaguely that "[m]aterial negotiations, communications, and misrepresentations were carried out and received by persons located in this District." (Dkt. 1 ¶ 21.) But there were no negotiations material to the complaint. And what matters is where communications were *made*, not where they were *received. Knuttel v. Omaze, Inc.*, 572 F. Supp. 3d 866, 870 (N.D. Cal. 2021) (transferring venue from where plaintiff received statements to where statements were made). AppFolio's statements, to customers or in negotiations, were made from AppFolio's headquarters in Santa Barbara. (Saxena Decl. ¶ 6.)

### **Convenience of the Parties Favors Transfer to the Central District**

"The purpose of . . . venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979). It is clearly more convenient for AppFolio to litigate this case in the Central District. AppFolio is based in Santa Barbara, and the plurality of its employees, including those with knowledge of the conduct at issue, are located there. (Saxena Decl., ¶¶ 4-6.) It is less clear why it is more convenient for plaintiffs—***none of whom are from California***—to litigate here.

Beagle must defend against AppFolio's state court suit in Santa Barbara. *See Valspar Corp. v. Kronos Worldwide, Inc.*, 50 F. Supp. 3d 1152, 1156 (D. Minn. 2014) ("The fact that Valspar must marshal evidence in that District . . . tips the scales in favor of transferring the claims against Kronos to that same court"). So at least one side will have to litigate away from home. There is no reason why both sides should have to. *See Buzzballz, LLC v. MPL Brands NV, Inc.*, 741 F. Supp. 3d 889, 897 (D. Nev. 2024) (transferring case to defendant's home venue because non-resident plaintiff "fails to consider the costs of bringing two parties to a district in which no one is truly at home"); *Pepsi-Cola Co. v. Dr. Pepper Co.,* 214 F. Supp. 377, 382 (W.D. Pa. 1963) (fact that plaintiff would need to travel anyway favored transfer).

**Convenience of Non-Party Witnesses Favors Transfer to the Central District**

As the Ninth Circuit has explained, customer location is not a basis for venue. *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026 (9th Cir. 2009). If customer distribution were the standard, then since California is the nation's most populous state, *every* suit involving a nation-serving company would properly be brought here. *Id.* (explaining that every nationwide retailer would be a citizen of California if having more customers there than any other state was the standard). So even if AppFolio has customers in Northern California, that does not justify venue. And in any event, because the suit involves AppFolio's allegedly tortious conduct, most relevant witnesses will be party witnesses. To reiterate, AppFolio's party witnesses are in Santa Barbara, and Plaintiffs' are not in the Northern District.

Moreover, as with party witnesses, any customer witnesses will need to be deposed and/or called to testify at trial in the Santa Barbara suit in any event. Requiring them to participate in the Northern District as well necessarily increases their burden. *See Bhd. of Maint. of Way Employes Div./IBT v. Union Pac. R.R. Co.*, 485 F. Supp. 3d 1048, 1062 (D. Neb. 2020) (ordering transfer because "To the extent any witnesses are involved, those same witnesses will presumably also be involved in the currently pending D.C. case.").

**The Related First-Filed Action Favors Transfer to the Central District**

First-filed litigation weighs in favor of transfer to the first-filed district—even when the parties or claims are not identical. *See, e.g., Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 457 (E.D. Pa. 2013) (Transferring action to forum of first filing, even without identical parties, because "the two actions share a similar subject matter"); *Wedi Corp. v. Seattle Glass Block Window, Inc.*, 2018 WL 1794771, *6 (N.D. Ill. Apr. 16, 2018) (Transferring action because first-filed action had "overlapping facts, circumstances, and parties."). AppFolio sued Beagle, Inc., which is clearly related to the Plaintiffs here given this suit is about harm to Beagle, Inc. from AppFolio's initial suit. And both cases involve the same core questions: has Beagle been lying to AppFolio's customers, and is AppFolio entitled to cut off Beagle's access? First-filed litigation in the transferee district favors transfer ***even when it is in state not federal court.***

*Manufs. Buyers Corp. v. El Dorado Tire Co.*, 324 F. Supp. 225 (S.D. Fla. 1971) (Transferring where "[t]he state court suit involves substantially the same factual questions as would be involved in this action."); *Chen*, 793 F. Supp. 3d at 457 (transfering sua sponte; "[T]here is ongoing litigation commenced by Defendants . . . in Alameda County Superior Court . . . between the parties regarding control of the investment firms at issue in this action.").

**Local Citizens Have An Interest in Hearing the Case in the Central District**

There is a "local interest of citizens in deciding matters pertaining to businesses that are headquartered" in the district. *Walters v. Famous Transports, Inc.*, 488 F. Supp. 3d 930, 941 (N.D. Cal. 2020). Central District residents have a stronger interest in claims against Central-District-based AppFolio than residents here have in claims brought by out-of-state entities.

**Relative Docket Congestion Strongly Favors Transfer to the Central District**

"The relative speed with which an action may be resolved is an important consideration when selecting a venue." *Sunbeam Prods., Inc. v. Homedics, Inc.*, 587 F. Supp. 2d 1055, 1058 (W.D. Wis. 2008) (quoting *Parsons v. Chesapeake & Ohio Ry. Co.,* 375 U.S. 71, 73 (1963)).

Dockets in the Northern District of California are considerably more congested than in the Central District, favoring transfer. As the most recently available data shows:

| | Northern District of CA | Central District of CA |
|---|---|---|
| Pending cases per judgeship | 1,034 | 520 |
| Median time filing to disposition (civil) | 20.5 months | 3.9 months |
| Median time filing to trial (civil) | 37.6 months | 26.5 months |
| Number of civil cases over 3 years old | 2,346 | 817 |

(*See* June 30, 2025 Fed. Ct. Mgmt. Statistics, Comparison of Districts Within the Ninth Circuit, https://www.uscourts.gov/sites/default/files/document/fcms_na_distcomparison 0630.2025.pdf, at 9.) Moreover, this discrepancy shows no signs of abating. Caseloads are up 43% over the prior year in the Northern District, compared to an increase of just 6% in the Central District. (*Id.*)

**CONCLUSION**

For the foregoing reasons, the Court should transfer this case to the Central District.

5

DATED this 19th day of December, 2025.

_/s/_
Brian Procel
Marty Pritikin
Jeremiah Levine
**PROCEL LEVINE, LLP**
401 Wilshire Blvd, Fl 12
Santa Monica, CA 90401-1456
Phone: 424-788-4538

Attorneys for Plaintiff
AppFolio, Inc.

6