UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEAGLE LABS, INC., et al.,

          Plaintiffs,

     v.

APPFOLIO, INC.,

          Defendant.

Case No. 25-cv-10670-AMO

**ORDER TRANSFERRING CASE & MAINTAINING STATUS QUO**

On December 15, 2025, Beagle Labs, Inc., Beagle Technologies, Inc., Big Beagle, Inc., Rental Property Managers Association LLC, and YRIG Risk Retention Group, Inc. (collectively, "Plaintiffs" or "Beagle") commenced this action against Defendant AppFolio, Inc., asserting claims for tortious interference with contractual relations, tortious interference with prospective economic relations, false advertising, unfair competition, monopolization, defamation and trade libel, unjust enrichment, and declaratory judgment. Complaint (Dkt. No. 1). The same day, Beagle filed an ex parte motion for a temporary restraining order, and the Court held a status conference with the parties. Dkt. Nos. 4, 15. At the status conference, the Court directed the parties to submit briefing on why the case should not be transferred, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Central District of California.[1] Now before the Court is the parties' briefing on that issue. For the reasons set forth below, this case is **TRANSFERRED** to the United States District Court for the Central District of California.

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

---

[1] At the status conference, Defendant agreed to maintain status quo through December 22, 2025.

where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Transfer pursuant to Section 1404(a) lies within the discretion of the district court and depends on the facts of each particular case. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The Court must first determine whether the case could have been brought in the district where transfer is sought, i.e., where venue is proper, before assessing the convenience of parties and witnesses and the interest of justice. *See State of Cal. v. Bureau of Land Mgmt.*, 286 F. Supp. 3d 1054, 1059 (N.D. Cal. 2018). In deciding whether transfer is warranted, the Court must consider both public factors, which go to the interests of justice, and private factors, which go to the convenience of the parties and witnesses. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Such factors may include: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the parties' respective contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum selection clause; and (10) the relevant public policy of the forum state, if any. *Jones*, 211 F.3d at 498-99. Courts may also consider "the administrative difficulties flowing from court congestion." *Decker Coal Co.*, 805 F.2d at 843 (internal quotations and citations omitted).

Turning to the preliminary issue of whether this action could have been brought in the United States District Court for Central District of California, Defendant has its principal place of business in Goleta, California. Complaint ("Compl.") (Dkt. No. 1) ¶ 17. Goleta is located in Santa Barbara County, which lies within the Central District. Declaration of Sean Saxena ("Saxena Decl.") (Dkt. No. 21-1) ¶ 3. This action, therefore, could have been properly filed there. *See* 28 U.S.C. 1391(b)(1) ("A civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]").

Moving next to the convenience of the parties and witnesses, Beagle's choice of forum, the parties' respective contacts with the forum, the contacts relating to the plaintiff's cause of action in

2

the chosen forum, and the burden on party and non-party witnesses all favor transfer. With respect to its decision to file in this district, Beagle asserts that its choice of forum deserves great deference, because "Beagle Technologies, Inc., was based in the Bay Area for much of the relevant time Period[,]" and "[t]he Beagle Entities' parent is based in San Francisco and has deep ties to the Bay Area." Pls.' Br. (Dkt. No. 22) at 4. The allegations in the operative complaint are to the contrary: "Plaintiff Beagle Labs, Inc. is a Delaware corporation with principal places of business in Chicago and Dallas." Compl. ¶ 12. "Plaintiff Beagle Technologies, Inc. is a Delaware corporation." *Id.* ¶ 13. "Plaintiff Big Beagle, Inc. is a Delaware corporation with a principal place of business in South Salt Lake." *Id.* ¶ 14. "Plaintiff Rental Property Managers Association LLC is an Alabama limited liability company in Alabama." *Id.* ¶ 15. "Plaintiff YRIG Risk Retention Group, Inc. is an Alabama corporation with a principal place of business in Alabama." *Id.* ¶ 16. Where, as here, "a plaintiff brings its charges in a venue that is not its home forum . . . that choice of forum is entitled to less deference." *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) (citations omitted); *see also Thomas v. Twentieth Century Fox Film Corp.*, No. 21-CV-02720-LB, 2021 WL 2434032, at *3 (N.D. Cal. June 15, 2021) ("If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, the plaintiff's choice is entitled only minimal consideration.") (internal quotations and citation omitted). Accordingly, Beagle's choice of forum is entitled to little weight. This factor thus weighs in favor of transfer.

As to the parties' respective contacts with the forum and the contacts relating to Beagle's causes of action in the chosen forum, Beagle alleges that "[m]aterial negotiations, communications, and misrepresentations were carried out and received by persons located in this District[,]" that "AppFolio's implementation of the complained-of conduct, customer effects, and injury was also felt by Plaintiffs in this District[,]" and that "Beagle has many customers in the San Francisco Bay Area, including its largest customer, who is an AppFolio user and whose access to Beagle would be cut off by AppFolio's intended blocking." Compl ¶ 21. It also asserts that "AppFolio directed its tortious interference and unfair competition to citizens of this venue— including Beagle's largest customer and thousands of other customers[,]" that "AppFolio's

3

conduct directed at the group impacts the parent and those effects are felt [in the SF Bay Area,]" that "Beagle has several active listings for job postings for San Francisco[,]" and that "AppFolio explicitly indicates the 'Bay Area' as one of five 'Hubs' where 'current and future team members can collaborate, connect, and make a lasting impact." Pls.' Br. at 3-5.

However, AppFolio's Senior Director of Insurance, Sean Saxena, declares that its "executive team is based in its Santa Barbara County headquarters, which houses the highest concentration of AppFolio employees[,]" and "[a]s a result, nearly all of AppFolio's employees with personal knowledge of the conduct, business strategies, statements, and policies alleged in Plaintiffs' complaint and application for a temporary restraining order are based in the Santa Barbara County headquarters." Saxena Decl. ¶¶ 4, 5. Saxena further declares that [a]ny broadly disseminated, customer-facing statements made by AppFolio regarding Plaintiffs would have been issued from the Santa Barbara County headquarters[,]" that "[a]ny statements by AppFolio that Plaintiffs allege were defamation or threats would have been issued from Santa Barbara County headquarters[,]" and that "none of the statements about which Beagle complains were made in the Northern District, and none of the relevant business decisions or policies were made in the Northern District." *Id.* ¶ 6. These sworn facts establish that, at least for the parties and party affiliated witnesses, the Central District of California is the more convenient forum. *See Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013) (explaining that "litigation costs are reduced when venue is located near the most witnesses expected to testify").

Turning to the convenience of non-party witnesses, the Court likewise finds the Central District to be the more convenient forum. Although "[t]he convenience of witnesses is said to be the most important factor in passing on a transfer motion[,]" *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981) (citation omitted), "[t]he convenience of non-party witnesses is a more important factor than the convenience of party witnesses." *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009) (citation omitted). While AppFolio does not specifically identify any non-party witnesses, the Court nonetheless finds that the Central District is a more convenient forum. AppFolio has sued Beagle in state court in Santa Barbara. Def.'s Br. (Dkt. No. 21) at 2. Even when crediting

United States District Court
Northern District of California

Beagle's contention that "the nature of the matters is distinct," allowing two separate suits to proceed in two different parts of the state imposes a substantial burden on non-party witnesses,[2] including the Beagle customers that reside in this district, such that litigating in the same locale, i.e., the Central District, is more convenient, irrespective of whether one action proceeds in state court and the other moves forward in federal court.[3] *See Bhd. of Maint. of Way Employees Div./IBT v. Union Pac. R.R. Co.*, 485 F. Supp. 3d 1048, 1062 (D. Neb. 2020) (finding that convenience to witnesses slightly favored transfer because "[t]o the extent any witnesses [we]re involved, those same witnesses w[ould] presumably also be involved in the currently pending D.C. case, and litigating at least two cases in conjunction with one another will reduce the hassle for witnesses."). That Beagle's parent corporation is located in this district does not compel a different conclusion. Beagle's parent corporation is more akin to a "party witness[s] or witness[] employed by a party," that "can be compelled by the parties to testify regardless of where the litigation will occur." *Hendricks v. StarKist Co.*, No. 13-CV-729 YGR, 2014 WL 1245880, at *3 (N.D. Cal. Mar. 25, 2014).  Accordingly, the convenience to non-party witnesses, as well as the parties and party affiliated witnesses, favor transfer.

///

///

///

///

///

///

---

[2] It also imposes burdens on the parties and party affiliated witnesses, further supporting transfer. *See Buzzballz, LLC v. MPL Brands NV, Inc.*, 741 F. Supp. 3d 889, 897 (D. Nev. 2024) (finding the "costs of bringing two parties to a district in which no one is truly at home: double the car rentals, hotels, and plane tickets" supported transfer).

[3] The Court thus does not reach the question of whether the pendency of the state court litigation also supports transfer under the first-to-file doctrine.  With respect to AppFolio's argument that "Central District residents have a stronger interest in claims against Central-District-based AppFolio than residents here have in claims brought by out-of-state entities," Def.'s Br. at 6, the Court finds it unpersuasive.  The only case AppFolio cites in support – *Walters v. Famous Transports, Inc.*, 488 F. Supp. 3d 930 (N.D. Cal. 2020) – involved competing states' interest rather than those of competing districts.

5

Transfer also serves the interests of justice.  As AppFolio points out, "[d]ockets in the Northern District of California are considerably more congested than in the Central District[.]" Def.'s Br. at 6.  Data published as of June 30, 2025 confirms this:

|  | Northern District of CA | Central District of CA |
|---|---|---|
| Pending cases per judgeship | 1,034 | 520 |
| Median time filing to disposition (civil) | 20.5 months | 3.9 months |
| Median time filing to trial (civil) | 37.6 months | 26.5 months |
| Number of civil cases over 3 years old | 2,346 | 817 |

*See* June 30, 2025 Fed. Ct. Mgmt. Statistics, Comparison of Districts Within the Ninth Circuit, https://www.uscourts.gov/sites/default/files/document/fcms_na_distcomparison0630.2025.pdf, at 9.).  Additionally, AppFolio highlights that "[c]aseloads are up 43% over the prior year in the Northern District, compared to an increase of just 6% in the Central District." *Id.*  The relative congestion of the two districts thus favors transfer. *Cf. Sunbeam Prods., Inc. v. Homedics, Inc.*, 587 F. Supp. 2d 1055, 1058 (W.D. Wis. 2008) (denying transfer where proposed transferee court had a longer median time from filing to trial, making for a delay, which "would substantially diminish the value of plaintiff's patent and be highly prejudicial to its rights[.]").

Transfer also protects against forum shopping.  Beagle contends it is "not fleeing unfavorable precedent nor chasing favorable law." Pls.' Br. at 5.  The Court disagrees.  In its motion for a temporary restraining order, Beagle cites, in addition to a Ninth Circuit decision, an unpublished order from this Court in connection with the proposition that "[t]he Ninth Circuit has made clear that data blocking and targeting a competitor in precisely the way AppFolio plans to do is unlawful." Dkt. No. 4 at 2.  Given Beagle's heavy reliance on this Court's order its motion, it appears that Beagle strategically filed in this district, which bears a minimal connection to this controversy as discussed above, hoping that a Northern District court would be more likely than a court in the Central District to follow an in-district unpublished order.  Thus, while "[n]o single factor is dispositive" in the transfer analysis, *Park*, 964 F. Supp. 2d at 1093 (internal quotations and citation omitted), the apparent forum shopping by Beagle strongly favors transfer.

Because the overall balance of applicable factors supports continuing this litigation in the United States District Court for the Central District of California, this action is **TRANSFERRED** to that district. Defendant **SHALL** continue to maintain status quo pending further order of the transferee court. To the extent Beagle contends that Defendant has failed to maintain status quo through December 22, 2025, as it agreed on the record during the status conference held December 15, 2025, it may raise that issue to the transferee court.

**IT IS SO ORDERED.**

Dated: December 19, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

7