**GREENBERG TRAURIG, LLP**
Michael Burshteyn (SBN 295320)
Marcelo Barros (SBN 339069)
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.655.1300
Facsimile: 415.707.2010
Michael.Burshteyn@gtlaw.com
Marcelo.Barros@gtlaw.com

Jake Evans (*pro hac vice*)
Jordana R. Sternberg (*pro hac vice*)
Terminus 200, 3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Telephone: 678.553.2100
Jake.Evans@gtlaw.com
Jordana.Sternberg@gtlaw.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BEAGLE LABS, INC., a Delaware corporation, BEAGLE TECHNOLOGIES, INC., a Delaware corporation, BIG BEAGLE, INC., a Delaware corporation, RENTAL PROPERTY MANAGERS ASSOCIATION LLC, an Alabama limited liability company, and YRIG RISK RETENTION GROUP, INC., an Alabama corporation,,

Plaintiffs,

v.

APPFOLIO, INC. a California corporation,

Defendant.

CASE NO. 2:25-cv-12248-JFW-SSC

**DECLARATION OF ANTHONY D'ANGELO IN SUPPORT OF RECONSIDERATION RE DKT 39**

I, Anthony D'Angelo, declare as follows:

1. I am Chief Executive at Beagle Labs, Inc. (hereinafter "Beagle" or "Plaintiff"). I have personal knowledge of the facts surrounding the present action and Beagle's business, and all facts stated herein, unless otherwise stated on information and belief. If called upon to testify, I could and would competently do so under oath as to the truth of the matters stated herein.

2. Customer Complaints Post January 7 Order. On January 9, 2026, AppFolio contacted at least one of our customers and told them—incorrectly—that Beagle "places you at risk," that Beagle could "access the personally identifiable information of your residents," that Beagle could "issue payments," and that Beagle could "take action across your entire account database." These statements are false and damaging to Beagle's goodwill and reputation. After receiving AppFolio's communication, that customer declined to "unlock" Beagle's access, directly harming our business and reputation. We are aware of risks that similar statements will be disseminated to other customers, causing irreparable reputational injury and jeopardizing customer relationships.

3. Attached as Exhibit A is a letter Beagle sent to AppFolio enclosing this AppFolio customer communication and Beagle's request for AppFolio to provide a route for Beagle to work with AppFolio's platform. AppFolio has not made any substantive response to Beagle.

4. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on January 21, 2026, in Chicago, Illinois.



______________________________

Anthony D'Angelo

# EXHIBIT A

GreenbergTraurig

Michael Burshteyn
Tel 415.655.1300
Fax 415.707.2010
mburshteyn@gtlaw.com

January 14, 2026

Jeremiah Levine
Procel Levine
401 Wilshire Blvd., Fl. 12
Santa Monica, CA 90401
Email: jeremiah@procellevine.com

**VIA EMAIL**

**Re: Compliant Access Path for Beagle on AppFolio Platform**

Counsel:

Beagle is eager to serve its customers who use AppFolio, as AppFolio knows. AppFolio has represented to the Court that Beagle has the ability to do that through the AppFolio Stack Marketplace and the AppFolio Database API.

AppFolio did not, however, make clear to the Court that it already rejected Beagle in the Stack Marketplace in November 2024. Nonetheless, AppFolio has made representations to the Court about the viability of this path for Beagle to work with AppFolio's platform, and so AppFolio should follow through on those representations. AppFolio should tell Beagle what, exactly, Beagle needs to do to move forward in the AppFolio Stack Marketplace and the AppFolio Database API.

Here is what AppFolio stated in its opposition to Beagle's request for a TRO:

> **[C]ustomers can work with Point Solutions in the AppFolio Stack Marketplace . . . customers can use AppFolio's Database API[3] offering to build an automated data link between their database and any Point Solution they like . . . [and] customers can use scheduled reports to automate data sharing with Point Solutions.**
>
> Dkt. 33 at 9 (emphasis added).

AppFolio further characterized these as "the secure methods of working with AppFolio's customers." *Id.* at 11.

Despite claiming to the Court that Beagle has this alternative path, AppFolio has contradicted itself in communications with Beagle's customers. For example, a Beagle customer using the AppFolio platform has reported to Beagle that "AppFolio placed a lock on the [Beagle] profile," and "made it clear that we are not allowed to add another user for Beagle." ***See*** **Exhibit A**.

In a second example, AppFolio has told Beagle customers:

> [T]he method by which Beagle has chosen to operate their business places you at risk. By creating user accounts in your database, Beagle has the ability to: access the personally identifiable information of your residents[,] issue payments through the AppFolio payments platform[, and] view and take action across your entire account database.

***See*** **Exhibit B**. AppFolio characterized these as "serious security risks" and then concluded "[t]o keep our ecosystem safe, we cannot allow Beagle's noncompliant access." *Id*.

These customer statements are further examples of AppFolio's false claims about Beagle. Worse, they are not consistent with AppFolio's representations to the Court. This follows prior representations AppFolio made to the Northern District of California Judge about consenting to maintaining the status quo, while telling Beagle's customers that Beagle was already banned. AppFolio continues to unfairly compete and tortiously interfere with Beagle's business, among other things, through this conduct.

AppFolio's arguments and claims about Beagle's security are pure pretext and nothing more. By this letter, Beagle seeks for AppFolio to clearly lay out what Beagle must do to gain the partnership approval AppFolio claims Beagle has available to it.

The Court's Order reinforces this expectation. The Court noted that customers can share the needed "data with Beagle through other authorized means, including by using AppFolio's Database API." *Id*. at 6. The Court observed that Beagle had no basis to conclude that AppFolio would ban it from using the API because "AppFolio has made no such statement to its customers, and in fact advised its customers in connection with its plan to disable Beagle's user names that it supports 'multiple safe methods for you to work with [third party providers], including AppFolio Stack, Database API, and scheduled reports.'" *Id*. at 6.

Yet to date, AppFolio's actions conflict starkly with the Court's expectations and the representations AppFolio made in generating those expectations.

They are more consistent with AppFolio's 2024 denial of Beagle in its Stack Marketplace, which AppFolio has not disclosed in these proceedings. (Beagle applied for AppFolio's Stack Program and was rejected, receiving an email stating "Thank you for submitting your application for AppFolio's Stack Program. We reviewed the information provided and are unable to move forward at this time as we currently do not support integrations in the insurance space.") ***See*** **Exhibit C**.

Now, either AppFolio is prepared to provide a compliant path forward for Beagle customers using the AppFolio platform, or its representations to the Court were inaccurate.

Please have AppFolio immediately provide Beagle with clear instructions for the compliant paths AppFolio represented are available to Beagle, including API endpoints, technical requirements, and any security protocols necessary to address the concerns AppFolio previously raised.

Despite AppFolio's continued unlawful conduct, Beagle believes the parties should work together in partnership while they can resolve their disputes, rights, and remedies in Court. Working collaboratively with Beagle is what is in the interests of AppFolio's customers as well.

Sincerely,

Michael Burshteyn

# EXHIBIT A

A

**Ashlee Malone**
to me

9:10 AM (37 minutes ago)

HI Trevor,

Sorry for the delay. When I attempted to delete the previous user and add the new one, AppFolio placed a lock on the old user profile and informed us that we had violated their terms and conditions by adding a user in that manner. Their response was that if we choose to continue working with Beagle, they support several safe methods, including AppFolio Stack, Database API, and scheduled reports.

However, they made it clear that we are not allowed to add another user for Beagle. Let me know which method you think is the best path forward. I know you mentioned you were working on an alternative approach for partnering with AppFolio customers, so I'm hoping we can still work with Beagle.

Thanks,
Ashlee

# EXHIBIT B

**From:** John from AppFolio <john.t@appfolio.intercom-mail.com>
**Sent:** Friday, January 9, 2026 9:29 AM
**To:** [redacted]
**Subject:** Re: Help Using AppFolio



Hi [redacted]

We have received reports from several customers that Beagle - an insurance and resident services company - recently made false claims about AppFolio, representing themselves as an AppFolio partner in an attempt to win business and gain noncompliant access to customer accounts. Beagle is not an AppFolio integration partner and we have no plans to partner with them in the future.

Third-party providers are an important part of our industry and we support multiple safe methods for you to work with them, including AppFolio Stack, Database API, and scheduled reports. All of our integration partners go through a rigorous vetting process to ensure they meet our standards and share in our commitment to provide a high-quality experience to you and your customers.

We value your ability to choose providers, but *the method* by which Beagle has chosen to operate their business places you at risk. By creating user accounts in your database, Beagle has the ability to:

- access the personally identifiable information of your residents
- issue payments through the AppFolio payments platform
- view and take action across your entire account database

In addition to the serious security risks this noncompliant access poses for you, your residents, and your customers, it also constitutes a breach of AppFolio's terms of service, which are in place both to protect your account and to safeguard AppFolio's intellectual property.

To keep our ecosystem safe, we cannot allow Beagle's noncompliant access. We have notified Beagle we are removing their access and outlined a path to provide you continued service that is compliant with our terms of service and does not create security risk. As a result, we will ***not*** be unlocking this beagle user account.

As your trusted technology partner, we work to protect the integrity of your data and provide integrated experiences that enable you to have stable, seamless user experiences. If we can provide any additional support, please contact our Customer Care team by clicking on Support from your AppFolio database and a dedicated representative would be happy to follow up.

Sincerely,
John

**We're here to help**

Reply directly to this email or through our Messenger

# EXHIBIT C

---------- Forwarded message ---------
From: <lizzie.jackson@appfolio.com>
Date: Wed, Dec 18, 2024 at 7:45 AM
Subject: Corgi Insure | AppFolio Stack™ Application
To: <srulik.lowenstein@corgi.insure>

Hi Yisroel,

Thank you for submitting your application for AppFolio's Stack™ Program. We reviewed the information provided and are unable to move forward at this time as we currently do not support integrations in the insurance space. We will keep your information on hand should we open up this area.

Thank you,

Lizzie