Brian Procel (Cal. Bar No. 218657)
Brian@Procel-Law.com
Jeremiah Levine (Cal. Bar No. 288377)
Jeremiah@ProcelLevine.com
Marty Pritikin (Cal. Bar No. 210845)
Marty@Procel-Law.com
**PROCEL LEVINE LLP**
401 Wilshire Blvd, Fl 12
Santa Monica, CA 90401-1456
Phone: 424-788-4538

*Attorneys for Defendant AppFolio, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAGLE LABS, INC., a Delaware corporation, BEAGLE TECHNOLOGIES, INC., a Delaware corporation, BIG BEAGLE, INC., a Delaware corporation, RENTAL PROPERTY MANAGERS ASSOCIATION LLC, an Alabama limited liability company, and YRIG RISK RETENTION GROUP, INC., an Alabama corporation, | Case No.  25-cv-12248-JFW-SSC<br><br>**DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |
| Plaintiffs, | |
| v. | |
| APPFOLIO, INC., a California corporation, | |
| Defendant. | |

Defendant AppFolio, Inc. ("Defendant" or "AppFolio"), by and through its attorneys, responds to the Complaint (the "Complaint") filed by Plaintiffs Beagle Labs, Inc.; Beagle Technologies, Inc.; Big Beagle, Inc.; Rental Property Managers Association LLC; and YRIG Risk Retention Group, Inc. ("Beagle") as follows:

## **INTRODUCTION**

1. Paragraph 1 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2. Paragraph 2 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

3. Paragraph 3 contains legal conclusions, arguments, and characterizations to which no response is required. Paragraph 3 also contains allegations about which Defendant does not have sufficient knowledge to respond. Defendant admits that customers add access for Beagle, and that Beagle can access customer data and provide services. To the extent a response is required to the remaining allegations, Defendant denies the allegations in Paragraph 3.

4. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 4, and denies those allegations on that basis.

5. Defendant admits that it has known about Beagle for over a year; that Beagle approached AppFolio about certain cooperation in November 2024; and that AppFolio declined. Defendant denies the remaining allegations in Paragraph 5.

2

6.      Paragraph 6 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6.

7.      Paragraph 7 contains legal conclusions, arguments, and characterizations to which no response is required. Defendant admits that it has informed AppFolio customers of the risks that improper methods of working with Beagle imposes; and that AppFolio users have provided Beagle access. To the extent a response is required to the remaining allegations, Defendant denies the allegations in Paragraph 7.

8.      Paragraph 8 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 8.

9.      Paragraph 9 contains legal conclusions, arguments, and characterizations to which no response is required. Defendant admits that it informed Beagle and AppFolio customers that it would disable Beagle's user access on December 16, 2025. To the extent a response is required to the remaining allegations, Defendant denies the allegations in Paragraph 9.

10.     Paragraph 10 contains legal conclusions, arguments, and characterizations to which no response is required. Defendant admits that it informed Beagle and AppFolio customers that it would disable Beagle's user access on December 16, 2025. Defendant admits that it partners with Second Nature. To the extent a response is required to the remaining allegations, Defendant denies the allegations in Paragraph 10.

11.     Paragraph 11 contains legal conclusions, arguments, and characterizations to which no response is required.

3

## THE PARTIES

12.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 12, and denies those allegations on that basis.

13.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13, and denies those allegations on that basis.

14.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14, and denies those allegations on that basis.

15.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15, and denies those allegations on that basis.

16.    Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 16, and denies those allegations on that basis.

17.    Defendant admits the allegations in Paragraph 17.

## JURISDICTION AND VENUE

18.    Paragraph 18 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 8.

19.    Paragraph 19 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 19.

20.    Defendant admits that it is a citizen of California. The remainder of Paragraph 20 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 20.

21.    Defendants admits that events giving rise to the claims occurred in the Central District of California. The remainder of Paragraph 21 contains legal

4

conclusions, arguments, and characterizations to which no response is required. Paragraph 21 also contains allegations about which Defendant does not have sufficient knowledge to respond. To the extent a response is required, Defendant denies the allegations in Paragraph 20.

## FACTUAL BACKGROUND

22.    Paragraph 22 contains allegations about which Defendant does not have sufficient knowledge to respond, and Defendant denies the allegations on that basis.

23.    Paragraph 23 contains allegations about which Defendant does not have sufficient knowledge to respond. Paragraph 23 also contains legal conclusions, arguments, and characterizations to which no response is required. Defendant denies the allegations on these bases.

24.    Defendant admits that AppFolio customers created access for Beagle, which provided access to certain categories of data. Defendant further admits advertising an online portal for vendors. Paragraph 24 contains allegations about which Defendant does not have sufficient knowledge to respond; and contains legal conclusions, arguments, and characterizations to which no response is required. Defendant denies the remaining allegations in Paragraph 24.

25.    Defendant admits that Beagle publishes "Beagle Reports," which Defendant can see. Defendant denies the remaining allegations in Paragraph 25.

26.    Defendant admits that it is a publicly traded company. Defendant denies the remaining allegations in Paragraph 26.

27.    Paragraph 27 contains allegations about which Defendant does not have sufficient knowledge to respond; and contains legal conclusions, arguments,

and characterizations to which no response is required. On those bases, Defendant denies the allegations in Paragraph 27.

28.    Defendant admits the allegations in Paragraph 28.

29.    Defendant admits that Beagle approached it in 2024 regarding certain cooperation. Paragraph 29 contains allegations about which Defendant does not have sufficient knowledge to respond; and contains legal conclusions, arguments, and characterizations to which no response is required. Defendant denies the remaining allegations in Paragraph 29.

30.    Paragraph 30 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 30.

31.    Defendant admits that it emailed its customers who use Beagle on December 9, 2025, about improper methods of working with Beagle. AppFolio admits that it said that "the method by which Beagle has chosen to operate their business places you at risk"; that "noncompliant access" may cause "serious security risks." Elsewhere, Defendant referenced protecting the "integrity of customer and user data." Paragraph 31 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 31.

32.    Defendant admits that its customers own their data, and that they are free to contract with Beagle. Paragraph 32 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 32.

33.     Paragraph 33 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 33.

34.     Defendant admits that it works with Second Nature, and that it stated it would disable Beagle's unpermitted access to AppFolio databases on December 16, 2025. Paragraph 34 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 34.

35.     Paragraph 35 contains allegations about which Defendant does not have sufficient knowledge to respond; and contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 35.

36.     Paragraph 36 contains allegations about which Defendant does not have sufficient knowledge to respond; and contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 36.

37.     Paragraph 37 contains allegations about which Defendant does not have sufficient knowledge to respond; and contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 37.

38.     Paragraph 38 contains allegations about which Defendant does not have sufficient knowledge to respond; and contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 38.

39.     Paragraph 39 contains allegations about which Defendant does not have sufficient knowledge to respond; and contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 39.

## CLAIM 1

### (Tortious Interference with Contractual Relations)

40.     Paragraph 40 incorporates certain paragraphs of the Complaint by reference. No response by Defendant is required.

41.     Paragraph 41 contains allegations about which Defendant does not have sufficient knowledge to respond; and contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 41.

42.     Defendant admits that its customers grant access to certain types of third parties. AppFolio admits that it was aware that Beagle's email domain was associated with certain user access. AppFolio denies the remaining allegations in Paragraph 42.

43.     Defendant admits that it sought a temporary restraining order against Beagle, Inc., in Santa Barbara Superior Court, and that Beagle has recruited AppFolio customers. Defendant denies the remaining allegations in Paragraph 43.

44.     Paragraph 44 contains allegations about which Defendant does not have sufficient knowledge to respond; and contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 44.

45.     Defendant admits that it gave notice to customers that Defendant intended to disable Beagle's user access. Defendant admits it said that improper

8

methods of working with Beagle can pose a "security risk", and that improper methods of working with Beagle may not be compliant with Defendant's terms of service. Defendant admits that its customer service AI, after being fed information by a user, stated that Beagle is not listed as an official partner; used the words "potential scam", and "concerning." Paragraph 45 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 45.

46.    Paragraph 46 contains allegations about which Defendant does not have sufficient knowledge to respond; and contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 46.

47.    Paragraph 47 contains allegations about which Defendant does not have sufficient knowledge to respond; and contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 47.

48.    Paragraph 48 contains allegations about which Defendant does not have sufficient knowledge to respond; and contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 48.

49.    Paragraph 49 contains a statement of Beagle's future intent about which Defendant does not have sufficient knowledge to respond.

50.    Paragraph 50 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 50.

9

## CLAIM 2

### (Tortious Interference With Prospective Economic Relations)

51.  Paragraph 51 incorporates certain paragraphs of the Complaint by reference. No response by Defendant is required.

52.  Paragraph 52 contains allegations about which Defendant does not have sufficient knowledge to respond; and contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 52.

53.  Defendant does not have sufficient knowledge to respond to Beagle's allegations regarding Beagle's customers base or economic relationships. Defendant denies the remaining allegations in Paragraph 53.

54.  Defendant admits that it gave notice that it would disable Beagle's user access. Paragraph 54 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 54.

55.  Paragraph 55 contains allegations about which Defendant does not have sufficient knowledge to respond; and contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 55.

56.  Paragraph 56 contains allegations about which Defendant does not have sufficient knowledge to respond; and contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 56.

57.     Paragraph 57 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 57.

58.     Paragraph 58 contains allegations about which Defendant does not have sufficient knowledge to respond; and contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58.

59.     Paragraph 59 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 59.

## CLAIM 3

### (Violation of Lanham Act § 43(a) – False Advertising)

60.     Paragraph 60 incorporates certain paragraphs of the Complaint by reference. No response by Defendant is required.

61.     Defendant admits that it has informed customers of the security risks posed by improper methods of working with Beagle. Paragraph 61 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 61.

62.     Paragraph 62 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 62.

63.     Paragraph 63 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 63.

11

64.    Paragraph 64 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 64.

65.    Paragraph 65 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 65.

66.    Paragraph 66 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 66.

67.    Paragraph 67 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 67.

## <u>CLAIM 4</u>

### (Violations of Cal. Bus. & Prof. Code §17500, et seq. – False Advertising)

68.    Paragraph 68 incorporates certain paragraphs of the Complaint by reference. No response by Defendant is required.

69.    Paragraph 69 is a statement of law to which no response is required.

70.    Defendant admits that it has informed customers of the security risks posed by improper methods of working with Beagle. Paragraph 70 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 70.

71.    Defendant admits that it has informed customers of the security risks posed by improper methods of working with Beagle. Paragraph 71 contains legal

conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 71.

72.     Paragraph 72 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 72.

## CLAIM 5

## (Violations of Cal. Bus. & Prof. Code §17200, et seq. – Unfair Competition)

73.     Paragraph 73 incorporates certain paragraphs of the Complaint by reference. No response by Defendant is required.

74.     Paragraph 74 is a statement of law to which no response is required.

75.     Paragraph 75 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 75.

76.     Defendant admits that it gave notice that it would disable Beagle's user access on December 16, 2025. Paragraph 76 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 76.

77.     Paragraph 77 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 77.

78.     Defendant denies the allegations in Paragraph 78.

13

79.     Paragraph 79 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 79.

80.     Paragraph 80 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 80.

## CLAIM 6

### (Violation of the Sherman Act § 2 – Monopolization / Attempted Monopolization)

81.     Paragraph 81 incorporates certain paragraphs of the Complaint by reference. No response by Defendant is required.

82.     Defendant admits that it claims to be the system of record for more than 20,000 property managers and over eight million units. Paragraph 82 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 82.

83.     Paragraph 83 contains allegations about which Defendant does not have sufficient knowledge to respond; and legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 83.

84.     Defendant denies the allegations in Paragraph 84.

85.     Paragraph 85 contains allegations about which Defendant does not have sufficient knowledge to respond; and legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 85.

14

86.     Defendant admits Beagle is a direct competitor; that it partners with Second Nature for a resident benefit package; that Defendant offers FolioGuard Smart Ensure and liability to landlord insurance; that it has its "own internal insurance solution through FolioGuard Smart Ensure and the coinciding liability to landlord insurance policy." Defendant further admits that Smart Ensure is one of its most important services; and that renters obtain insurance through AppFolio Insurance Services or another provider. Defendant denies the remaining allegations in Paragraph 86.

87.     Defendants admits that it said "Beagle does not and will not integrate with AppFolio—not now, and not ever." Paragraph 87 contains legal conclusions, arguments, and characterizations to which no response is required. Defendant denies the remaining allegations in Paragraph 87.

88.     Defendant admits that in public filings, it has filed exhibits showing AppFolio representatives stating that "Under our Terms of Service and in order to protect the integrity of customer and user data and our systems, direct competitors such as Beagle are not permitted to access any portion of our services or application programming interface." Paragraph 88 contains legal conclusions, arguments, and characterizations to which no response is required. Defendant denies the remaining allegations in Paragraph 88.

89.     Paragraph 89 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 89.

90.     Paragraph 90 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 90.

15

91. Paragraph 91 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 91.

92. Paragraph 92 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 92.

93. Paragraph 93 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 93.

94. Paragraph 94 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 94.

95. Paragraph 95 contains statements of Beagle's future intent to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 95.

## CLAIM 7

### (Defamation and Trade Libel)

96. Paragraph 96 incorporates certain paragraphs of the Complaint by reference. No response by Defendant is required.

97. Paragraph 97 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 97.

98. Paragraph 98 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 98.

16

99. Defendant admits that its customer service AI, after being fed information by a user, stated that Beagle is not listed as an official partner; used the words "potential scam", and "concerning" and encouraged the user to verify Beagle's identify on information. Paragraph 99 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 99.

100. Defendant admits the allegations in Paragraph 100.

101. Paragraph 101 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 101.

102. Paragraph 102 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 102.

103. Paragraph 103 contains allegations about which Defendant does not have sufficient information to respond; and legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 103.

104. Paragraph 104 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 104.

105. Paragraph 105 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 105.

17

106. Paragraph 106 contains a statement of Beagle's future intent to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 106.

## CLAIM 8

### (Unjust Enrichment)

107. Paragraph 107 incorporates certain paragraphs of the Complaint by reference. No response by Defendant is required.

108. Paragraph 108 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 108.

109. Paragraph 109 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 109.

110. Paragraph 110 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 110.

111. Paragraph 111 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 111.

112. Paragraph 112 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 112.

## CLAIM 9

### (Declaratory Judgment)

113.   Paragraph 113 incorporates certain paragraphs of the Complaint by reference. No response by Defendant is required.

114.   Paragraph 114 contains legal conclusions, arguments, and characterizations to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 114.

115.   Paragraph 115 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation in Paragraph 115.

116.   Paragraph 116 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegation in Paragraph 116.

## PRAYER FOR RELIEF

Defendant admits that Plaintiffs' Prayer for Relief sets forth the relief Plaintiffs are seeking in this case. Defendant denies this Paragraph in all other respects.

## DEFENDANT'S AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, Defendant states as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

The Complaint, and each and every remaining claim for relief against Defendant, fails to state a claim upon which relief may be granted against

19

Defendant, and further fails to entitle Plaintiffs to the relief sought or to any relief whatsoever against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Legitimate Business Conduct)

The Complaint is barred because Defendant's actions, as alleged in the Complaint, were within its contractual rights, were justified, were undertaken in good faith, with the absence of malicious intent, and were the result of lawful conduct carried out in furtherance of Defendant's mission.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The Complaint, and each and every claim for relief against Defendant, is barred in whole or in part because Plaintiffs failed to make reasonable efforts to mitigate such purported injury or damage, which reasonable efforts would have prevented injury or damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

### (Adequate Remedies at Law)

Equitable and injunctive relief are barred because Plaintiffs have available remedies at law.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiffs' conduct with respect to the matters alleged in the Complaint deprive Plaintiffs of clean hands and, by reason of not coming into court with clean hands, Plaintiffs are precluded from recovery from Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

Plaintiffs' claims are barred in whole or in part, or alternatively Plaintiffs' recovery should be reduced, because the alleged damages, if any, are speculative.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiffs have not been injured and therefore do not have standing to bring the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Mootness)

Plaintiffs' requests for injunctive relief are mooted because Defendant has disabled Beagle's access.

21

## NINTH AFFIRMATIVE DEFENSE

### (Truth)

Plaintiffs' claims for defamation, trade libel, Lanham Act violations, and violations of the False Advertising Law fail because Defendant's statements were true.

## TENTH AFFIRMATIVE DEFENSE

### (Opinion)

Plaintiffs' claims for defamation, trade libel, Lanham Act violations, and violations of the False Advertising Law fail because Defendant's statements were opinion.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Procompetitive Rational)

Plaintiffs' claims are barred because Defendant had procompetitive justifications for its actions.

## TWELTH AFFIRMATIVE DEFENSE

### (Privilege)

Defendant's alleged conduct was privileged, justified, and undertaken pursuant to lawful contractual, economic, and business interests, and therefore not tortious.

22

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

Defendant hereby gives notice that it intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this Answer to assert such defenses.

DATED this 4th day of February, 2026.

/s/
Brian Procel
Jeremiah Levine
Marty Pritikin
**PROCEL LEVINE, LLP**
401 Wilshire Blvd, Fl 12
Santa Monica, CA 90401-1456
Phone: 424-788-4538

Attorneys for Plaintiff
AppFolio, Inc.

23