Brian Procel (Cal. Bar No. 218657)
Brian@Procel-Law.com
Jeremiah Levine (Cal. Bar No. 288377)
Jeremiah@ProcelLevine.com
Marty Pritikin (Cal. Bar No. 210845)
Marty@Procel-Law.com
**PROCEL LEVINE LLP**
401 Wilshire Blvd, Fl 12
Santa Monica, CA 90401-1456
Phone: 424-788-4538

*Attorneys for Defendant AppFolio, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAGLE LABS, INC., a Delaware corporation, BEAGLE TECHNOLOGIES, INC., a Delaware corporation, BIG BEAGLE, INC., a Delaware corporation, RENTAL PROPERTY MANAGERS ASSOCIATION LLC, an Alabama limited liability company, and YRIG RISK RETENTION GROUP, INC., an Alabama corporation, <br><br> Plaintiffs, <br><br> v. <br><br> APPFOLIO, INC., a California corporation, <br><br> Defendants. | Case No.  25-cv-12248-JFW-SSC <br><br> **DECLARATION OF NATE DELAGE IN SUPPORT OF APPFOLIO, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DENYING TRO AND OSC RE PRELIMINARY INJUNCTION** |

1

**<u>DECLARATION OF NATE DELAGE</u>**

I, Nathaniel Delage, declare:

1. I make this declaration in support of AppFolio, Inc.'s ("AppFolio's") Opposition To Plaintiffs' Motion for Reconsideration of Order Denying TRO and OSC re Preliminary Injunction. If called as a witness, I could and would testify competently hereto.

2. My job title is Director, Software Engineering, for AppFolio. I have been employed by AppFolio for approximately eight years.

3. Following the Court's Order on January 7, 2025, AppFolio implemented security measures to identify and disable Beagle's user access to AppFolio's customers' databases. These measures identified customers who had not received AppFolio's prior, December 9, 2025, notice, because Beagle did not have user access to their database at that time.

4. On January 9, 2025, AppFolio provided these customers the *same notice* it had previously sent, updating only the dates and timing. Both the December and January 9 notices contain this language: "the method by which Beagle has chosen to operate their business places you at risk;" Beagle can "access the personally identifiable information of your residents," "issue payments through the AppFolio payments platform," and "view and take action across your entire account database." *Compare* Dkt. 4-5 Exh. C with Dkt. 50-2 Exh. B.

5. I am familiar with AppFolio's features, including scheduled reports and database API. The capabilities of scheduled reports and database API have not changed since before this litigation began. At all times relevant to this

2

litigation, database API has had a robust capability to write in AppFolio databases. Customers can use this write capablity without the need for AppFolio to engineer new endpoints. If Beagle had wanted to know the capabilities of database API, all it had to do was ask. When Beagle did ask on January 14—after the Order—AppFolio provided explanatory materials on January 30.

6.      AppFolio's user logs[1] show that Beagle has used scheduled reports with 346 AppFolio customers, sending over fifty-four thousand scheduled reports.

I declare under penalty of perjury according to the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was signed by me on February 2, 2026, in San Diego, California.

_____

Nathaniel Delage

_____

[1] I am a duly authorized custodian of records for AppFolio. AppFolio's user logs are records of regularly conducted activity, made and kept in the ordinary course of business, prepared automically and accurately, and made near the time of the facts reflected therein.