**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 25-12248-JFW(SSCx)**                Date:  March 12, 2026

Title:        Beagle Labs, Inc., et al. *-v-* AppFolio, Inc.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
                    None                                                                    None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DENYING TRO AND OSC PRELIMINARY INJUNCTION RE ECF NO. 39 [filed 2/11/2026; Docket No. 64]**

On February 11, 2026, Plaintiffs Beagle Labs, Inc., Beagle Technologies, Inc., Big Beagle, Inc., Rental Property Managers Association LLC, and YRIG Risk Retention Group, Inc (collectively, "Plaintiffs" or "Beagle") filed a Motion for Reconsideration of Order Denying TRO and OSC Preliminary Injunction Re ECF No. 39 .  On March 2, 2026, Defendant AppFolio, Inc. ("Defendant" or "AppFolio") filed its Opposition.  On March 9, 2026, Plaintiffs filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for March 23, 2026 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

Plaintiffs move for reconsideration of the Court's Order Denying Plaintiffs' Motion for Ex Parte Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction pursuant to Federal Rules of Civil Procedure 59(e) and Local Rule 7-18.

In general, there are four grounds upon which a Rule 59(e) motion may be granted: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources."  *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). "A Rule 59(e) motion may *not*

Initials of Deputy Clerk __sr_

be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

Pursuant to Local Rule 7-18, "[a] motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Local Rule 7-18; *see also Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."). Motions for reconsideration "are disfavored and are rarely granted." *Trust Corp. v. Aetna Casualty and Surety Co.*, 873 F. Supp. 1386, 1393 (D. Ariz. 1994). "Reargument should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Ernest Paper Products, Inc. v. Mobil Chemical Co.*, Inc., 1997 WL 33483520, at * 1 (C.D. Cal. Dec. 2, 1997) (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)). Additionally, motions for reconsideration "are not to be used to test new legal theories that could have been presented when the original motion was pending." *FDIC v. Jackson-Shaw Partners No. 46, Ltd.*, 850 F. Supp. 839, 845 (N.D. Cal. 1994).

The Court concludes that Beagle has failed to demonstrate that reconsideration of the Court's Order Denying Plaintiffs' Motion for Ex Parte Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction is warranted. In particular, Beagle has failed to demonstrate that there has been "a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision."

Indeed, Beagle's various justifications for a TRO have been a moving target. Specifically, in its motion for a TRO, Beagle argued that it only needed access to four categories of data to continue servicing its customers: "tenant rosters, unit identifiers, lease and billing information, and insurance compliance." D'Angelo Decl. (Docket No. 4-7) ¶ 4. When AppFolio demonstrated that a Scheduled Report could provide the exact information that Beagle claimed it needed in its moving papers, Beagle contended, for the first time in the Reply, that it needed to view existing insurance policies relating to specific tenants, and that it needed to be able to "add or remove charges." D'Angelo Decl. (Docket No. 36-2) ¶ 3. In its Reply, Beagle also contended that, after extensively studying AppFolio's API as a potential alternative, it was not a viable alternative merely because it "would not expose all the data fields that Beagle customers contract with Beagle to manage" (without specifying what data fields Beagle required or stating that it needed more than access to static data). D'Angelo Decl. (Docket No. 36-2) ¶ 4. In its motion for reconsideration, Beagle now contends that it requires the ability to "write operations" within AppFolio's systems, including to "remediate compliance issues, validate or correct records, execute workflows, or perform other active functions required by Plaintiffs' customer contracts." Motion for Reconsideration (Docket No. 64-1) at 5. Thus, Beagle contends that Scheduled Reports and Database API are insufficient because they only permit passive receipt of static data snapshots.

Initials of Deputy Clerk __sr__

The information, data, and functionality that Beagle requires to service its customer base were well-known to Beagle at the time it filed its Motion for TRO, and could have been presented to the Court before it issued its decision on Beagle's Motion for TRO. Instead, Beagle made vague and unspecific assertions regarding the data it needed, which failed to demonstrate a likelihood that it would suffer irreparable harm.

Accordingly, Beagle's Motion for Reconsideration is **DENIED.**

IT IS SO ORDERED.

Initials of Deputy Clerk __sr__