Brian Procel (Cal. Bar No. 218657)
Brian@ProcelLevine.com
Jeremiah Levine (Cal. Bar No. 288377)
Jeremiah@ProcelLevine.com
Marty Pritikin (Cal. Bar No. 210845)
Marty@ProcelLevine.com
**PROCEL LEVINE LLP**
401 Wilshire Blvd, Fl 12
Santa Monica, CA 90401-1456
Phone: 424-788-4538

*Attorneys for Defendant AppFolio, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAGLE LABS, INC., a Delaware corporation, BEAGLE TECHNOLOGIES, INC., a Delaware corporation, BIG BEAGLE, INC., a Delaware corporation, RENTAL PROPERTY MANAGERS ASSOCIATION LLC, an Alabama limited liability company, and YRIG RISK RETENTION GROUP, INC., an Alabama corporation,<br><br>                Plaintiffs,<br><br>v.<br><br>APPFOLIO, INC., a California corporation,<br><br>                Defendant. | Case No.  **2:25-cv-12248-JFW-SSC**<br><br>**DEFENDANT APPFOLIO'S [PROPOSED] STATEMENT OF DECISION ON ITS MOTION TO MODIFY THE SCHEDULING ORDER AND FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIMS, OR IN THE ALTERNATIVE FOR LEAVE TO FILE SUPPLEMENTAL PLEADING ASSERTING COUNTERCLAIMS** |

## STATEMENT OF DECISION

The Court, having considered the papers filed by Defendant AppFolio, Inc. ("AppFolio") and Plaintiffs Beagle Labs, Inc., Beagle Technologies, Inc., Big Beagle, Inc., Rental Property Managers Association, LLC, and YRIG Risk Retention Group, Inc. (collectively, "Beagle"), including AppFolio's Motion to Modify the Scheduling Order and for Leave to File Amended Answer and Counterclaims, or in the Alternative for Leave to File Supplemental Pleading Asserting Counterclaims (Dkt. 77), Beagle's Opposition (Dkt. 79), and AppFolio's Reply (Dkt. 80), hereby GRANTS the Motion for the following reasons:

## I.    FACTUAL AND PROCEDURAL BACKGROUND

AppFolio filed its Answer on February 4, 2026. (Dkt. 57.) At that time, AppFolio's enforcement of the limits on access to its software platform had reduced Beagle's known access to AppFolio's platform to isolated instances. AppFolio's automated database sweeps and weekly manual searches had detected and disabled Beagle's access that occurred through accounts using Beagle email domains and generic email domains. (Delage Decl. ¶¶ 7-9.) AppFolio's Eighth Affirmative Defense reflected that state of affairs, pleading that AppFolio had disabled Beagle's access. (Dkt. 57 at 21.) The Court entered its Scheduling Order on February 12, 2026, setting March 4, 2026, as the deadline to move to amend pleadings and April 13, 2026, as the deadline to amend pleadings. (Dkt. 67 § 3(b).)

In late February 2026, AppFolio observed two access patterns in customer databases that did not match the methods it had previously identified. (Delage Decl. ¶¶ 6, 10.) The first, masked accounts, uses email addresses on the customer's own domain, so that the accounts are facially indistinguishable from those of legitimate users and no known-domain block list can catch them. (Delage Decl. ¶¶ 10, 18.)

1

The second, ghost accounts, are deleted before AppFolio's next weekly search can detect them. (Delage Decl. ¶ 11.) Both methods were engineered to defeat the detection that had stopped Beagle's earlier access, and neither appears in AppFolio's earlier declarations. (Delage Decl. ¶¶ 11, 12, 18.)

AppFolio's investigation drew on technical analysis by a senior engineer, customer outreach by AppFolio personnel, written discovery directed at Beagle's access methods, a cease-and-desist letter, and the required Local Rule 7-3 conference. (Delage Decl. ¶¶ 5, 10, 19; Saxena Decl. ¶ 2; Levine Decl. ¶¶ 3-6.) Documentary confirmation of Beagle's conduct arrived on March 18, 2026, when an AppFolio customer forwarded written, step-by-step instructions from Beagle directing the scheme. (Delage Decl. ¶ 13 & Ex. A.) AppFolio filed this Motion on May 8, 2026. (Dkt. 77.) Beagle's masked-account and ghost-account methods continue as of the date of filing. (Delage Decl. ¶ 17.)

## II.  **APPFOLIO HAS SHOWN GOOD CAUSE UNDER RULE 16(b)(4)**

A motion to amend filed after the scheduling-order deadline is governed first by Rule 16(b)(4), which permits modification "only for good cause," and good cause turns on the movant's diligence. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). The Court concludes that AppFolio has been diligent and that good cause exists.

Diligence is measured from when the movant had reason to know the facts underlying the claim, not from its first observation of unexplained activity. *SKF Condition Monitoring, Inc. v. Invensys Sys., Inc.*, No. 07cv1116 BTM (BGS), 2010 WL 3463686, at *5 (S.D. Cal. Aug. 31, 2010); *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687-88 (E.D. Cal. 2009). Because Beagle's latest methods of accessing AppFolio's platform were built to evade attribution, AppFolio could not

2

connect the access to Beagle based on initial observation alone. (Delage Decl. ¶¶ 10, 19.) Documentary confirmation arrived on March 18, 2026, two weeks after the March 4 motion-filing deadline had already passed. (Delage Decl. ¶ 13 & Ex. A; Dkt. 67 § 3(b).) AppFolio could not have filed a motion to amend its answer by March 4 concerning conduct it had not yet confirmed, had not yet attributed to Beagle, and that in substantial part had not even occurred yet. (Delage Decl. ¶¶ 6, 12, 15.)

In the interval, AppFolio did not sit on its hands. A movant is diligent when it remains active in obtaining information and attempts to resolve the issue by meeting and conferring. *EEOC v. Bay Club Fairbanks Ranch, LLC*, 475 F. Supp. 3d 1099, 1103 (S.D. Cal. 2020). AppFolio did both. It served written discovery directed at Beagle's access methods on March 4, 2026, issued a cease-and-desist letter on March 5, 2026, conducted the required Local Rule 7-3 conference on March 23, 2026, and filed on May 8, 2026, twenty-five days after the April 13 pleading-amendment deadline, once Beagle declined to stipulate and produced no documents. (Delage Decl. ¶¶ 5, 10, 13, 19; Levine Decl. ¶¶ 3-6, 8.) Throughout, AppFolio's investigation continued. (Delage Decl. ¶¶ 16-17.) Developing an evidentiary basis before filing is diligence, not delay. *Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 655 (N.D. Cal. 2025); *GCP Applied Techs. Inc. v. AVM Indus., Inc.*, No. CV 19-7475-MWF (FFMx), 2021 WL 4527757, at *2 (C.D. Cal. July 23, 2021). Courts in this circuit find good cause where the movant was working to confirm its claim, even across intervals far longer than the one here. *Srigley v. Monterey Peninsula Yacht Club, Inc.*, 748 F. Supp. 3d 801, 803-04 (N.D. Cal. 2024); *Pizana v. SanMedica Int'l, LLC*, 345 F.R.D. 469, 481-82 (E.D. Cal.

3

2022); *Kendrick v. County of San Diego*, No. 15cv2615-GPC(RBB), 2017 WL 2692903, at *3 (S.D. Cal. June 22, 2017).

Beagle's opposition reduces this to a single charge: that AppFolio knew of Beagle's platform access long before the deadline and may not relabel old conduct as new. The charge does not fit the record. Diligence is measured against the conduct that forms the factual predicate for the proposed counterclaims, not against awareness of different, earlier conduct. Each unauthorized access is a discrete violation that accrues when it occurs. *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1067-68 (9th Cir. 2016). Awareness of an earlier access does not subsume a later one. AppFolio's pleaded position in February was that it had disabled Beagle's access; it could not have pleaded counterclaims premised on conduct it had at the same time accurately represented to be resolved. The masked-account and ghost-account methods, and AppFolio's confirmation that Beagle directed them, postdate the Answer and continue as of the date of filing. (Delage Decl. ¶ 17.) Good cause therefore is not defeated by AppFolio's knowledge of the earlier, different conduct. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000).

AppFolio has shown good cause under Rule 16(b)(4).

## III.   THE RULE 15(a) FACTORS FAVOR LEAVE

Good cause having been shown, Rule 15(a) directs that leave be "freely given when justice so requires," a standard applied with "extreme liberality." Fed. R. Civ. P. 15(a)(2); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003). The factors are undue delay, bad faith, repeated failure to cure,

4

prejudice, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). They favor amendment.

Prejudice is the most important factor, and Beagle has not shown it. *Eminence Capital*, 316 F.3d at 1052. Prejudice generally requires reopening closed discovery or altering the case on the eve of trial. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Neither is present. Trial is set for September 28, 2027, discovery remains open, and no party has taken a deposition. (Dkt. 67; Levine Decl. ¶ 8.) The counterclaims arise from the same access dispute Beagle placed before the Court and rest substantially on Beagle's own filings and admissions, including its representation that its business depends on the access at issue. (Dkt. 36 at 7; Brown Decl. (Dkt. 4-2) ¶ 10.)

The remaining factors add nothing for Beagle. The record shows investigation and attempted resolution, not bad faith. *DCD Programs*, 833 F.2d at 187. Beagle's undue-delay argument restates its Rule 16 argument and fails with it. This is AppFolio's first request to amend its Answer. (Dkt. 57.) Repeated failure to cure is therefore inapplicable. *Eminence Capital*, 316 F.3d at 1052. Futility is addressed below.

## IV.   <u>**THE PROPOSED COUNTERCLAIMS ARE NOT FUTILE**</u>

An amendment is futile only if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Each counterclaim clears that bar.

**The CFAA counterclaim.** The statute reaches systems that a third party can enter only with authorization, such as a platform protected by login credentials,

where that authorization has either never been given or has been revoked. *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1199 (9th Cir. 2022). Beagle entered AppFolio's platform by using credentials it borrowed from AppFolio's customers, without AppFolio's consent. (Saxena Decl. (Dkt. 33-3) ¶¶ 17, 19-21, 23, 29 & Ex. C.) Once access is not permitted, "technological gamesmanship or the enlisting of a third party to aid in access will not excuse liability." *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1067 (9th Cir. 2016). AppFolio communicated and reaffirmed the prohibition four times before the conduct at issue, any one of which suffices under *Power Ventures*, and Beagle directed masked and ghost accounts after each. (Dkt. 55-2; Saxena Decl. (Dkt. 55-1) ¶ 4; Dkt. 33-2; Dkt. 33 at 8; Delage Decl. (Dkt. 55-3) ¶¶ 3-4; Delage Decl. ¶¶ 13, 17.) Beagle's own briefing supplies intent. (Dkt. 36 at 8.) Customers' permission over their own data did not supply the authorization Beagle needed from AppFolio to enter AppFolio's platform; a party holding the key to a safe deposit box still cannot enter the bank without the bank's consent. *Power Ventures*, 844 F.3d at 1068. Engineering response costs satisfy the loss element. (Delage Decl. ¶¶ 4-5.) The claim is not futile. *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1132 (9th Cir. 2009).

**The Section 502 counterclaim.** The analysis parallels the CFAA. *Power Ventures*, 844 F.3d at 1069. The pleaded facts state a claim: Beagle directed the creation of customer accounts, used data after repeated reaffirmations, and configured recurring resident charges set to outlast the deleted accounts, including 633 charges totaling approximately $9,575 per month across three analyzed ghost accounts. (Delage Decl. ¶¶ 10-13, 18-20; Saxena Decl. ¶ 4.) AppFolio's costs satisfy the damage-or-loss element. Cal. Penal Code § 502(e)(1); (Delage Decl. ¶¶ 5, 19-20.) The claim is not futile.

**The tortious interference counterclaim.** The tort requires a valid contract, knowledge, intentional acts inducing breach, breach, and damage, and the duty falls on a stranger to the contract, meaning one who is neither a party nor an agent of a party. *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990); *Asahi Kasei Pharma Corp. v. Actelion Ltd.*, 222 Cal. App. 4th 945, 963-64 (2013). Beagle is neither a party to the Terms of Service (Saxena Decl. (Dkt. 33-3) ¶¶ 17, 19-21 & Ex. C) nor an agent of any customer for purposes of the customer's own obligation to AppFolio. The record establishes each element. (Dkt. 4-3; Delage Decl. ¶¶ 13, 15, 18-20; Saxena Decl. ¶¶ 2-3, 5.) The claim is not futile.

## V.  RULES 15(d) AND 13(e) INDEPENDENTLY AUTHORIZE THE PLEADING

Two further rules independently authorize the pleading. Rule 15(d) reaches "transaction[s], occurrence[s], or event[s] that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The masked-account and ghost-account conduct arose and was confirmed after the February 4 Answer and continues. (Delage Decl. ¶¶ 6, 13, 17.) That is the post-pleading posture Rule 15(d) addresses. Leave to supplement is denied where the proposed claims rest on facts that predate the original pleading. *Cole v. Educ. Credit Mgmt. Corp.*, No. ED CV 17-00974-JFW (SP), Dkt. 42 (C.D. Cal. Oct. 13, 2017); *Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010). The conduct here is the opposite: it emerged after the Answer. Supplementation promotes judicial economy and avoids serial litigation. *Keith v. Volpe*, 858 F.2d 467, 473-74 (9th Cir. 1988). The Scheduling Order sets a deadline for amendment but is silent as to supplementation (Dkt. 67 § 3(b)), and a deadline to amend does not by itself govern supplementation. *Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water Dist.*, No. EDCV 13-

7

883 JGB, 2020 WL 5775174, at *4 (C.D. Cal. July 8, 2020). Rule 13(e) reaches the same result for a counterclaim that "matured or was acquired by the party after serving an earlier pleading," under the Rule 15(a) standard. Fed. R. Civ. P. 13(e); *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 689 (E.D. Cal. 2009). The proposed counterclaims matured after the Answer.

## CONCLUSION

For the foregoing reasons, AppFolio's Motion is **GRANTED**. The Court finds good cause to modify the Scheduling Order under Rule 16(b)(4), finds that the Rule 15(a) factors favor amendment, and further finds that Rules 15(d) and 13(e) independently authorize the proposed pleading. AppFolio shall file the proposed Amended Answer and Counterclaims attached as Exhibit A to the Motion within fourteen days of the date of this Order.

IT IS SO ORDERED.

Dated: _____

_____
Hon. John F. Walter

8