**GREENBERG TRAURIG, LLP**
David S. Bloch (SBN 184530)
Marcelo Barros (SBN 339069)
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.590.5110
Blochd@gtlaw.com
Marcelo.Barros@gtlaw.com

*[additional counsel on signature page]*

*Attorneys for Plaintiffs and Counter-Defendants*
*Beagle Labs, Inc., et al.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| BEAGLE LABS, INC., et al.<br><br>    Plaintiffs and Counter-Defendants,<br><br>v.<br><br>APPFOLIO, INC.,<br><br>    Defendant and Counter-Claimant. | CASE NO. 2:25-cv-12248-JFW-SSC<br><br>**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**<br><br>Judge: Hon. John F. Walter<br>**DEMAND FOR JURY TRIAL** |

1                    2:25-cv-12248-JFW-SSC

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

Plaintiffs and Counter-Defendants Beagle Labs, Inc., Beagle Technologies, Inc., Big Beagle, Inc., Rental Property Managers Association LLC, and YRIG Risk Retention Group, Inc. (collectively, "Counter-Defendants") answer the Counterclaims of Defendant and Counter-Claimant AppFolio, Inc. as follows. AppFolio's Counterclaims refer to Counter-Defendants collectively as "Beagle," improperly conflating five separate legal entities and failing to attribute any act to any particular entity. Counter-Defendants respond on behalf of each entity and do not adopt that conflation. The headings and section titles in AppFolio's Counterclaims are not allegations and require no response; to the extent they are deemed allegations, Counter-Defendants deny them.

Except as expressly admitted below, Counter-Defendants deny each and every allegation in the Counterclaims.

## RESPONSE TO THE ALLEGATIONS

### INTRODUCTION

1. Paragraph 1 states AppFolio's characterization of its own claims, together with legal conclusions and argument, to which no response is required. To the extent a response is required, Counter-Defendants deny the allegations of Paragraph 1.

2. Counter-Defendants admit that AppFolio offers a software platform for property managers and that its software platform helps property managers run their properties. Counter-Defendants lack knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 2 and on that basis deny them.

3. Counter-Defendants admit that AppFolio's platform provides features that include storage and organization of data, accounting services, billing services, and insurance services, and admit that AppFolio provides a platform for residents to submit data to property managers. Counter-Defendants lack knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 3 and on that basis deny them.

4. Paragraph 4 states legal conclusions to which no response is required. To the

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

extent a response is required, Counter-Defendants deny the allegations of Paragraph 4.

5. The Terms of Service is a written document that speaks for itself. Counter-Defendants respectfully refer the Court to the Terms of Service for its complete and accurate contents and deny any characterization inconsistent with it. Counter-Defendants deny the remaining allegations of Paragraph 5.

6. Counter-Defendants admit that in December 2025, AppFolio told Beagle that it intended to block Beagle from servicing customers on the AppFolio platform; that AppFolio filed an application for a temporary restraining order; that Counter-Defendants filed their own application for a temporary restraining order that was denied by this Court; that in January 2026 AppFolio nevertheless blocked Beagle from servicing customers on the AppFolio platform; and that AppFolio sent a letter to Beagle. The referenced documents, including the applications for temporary restraining order and orders thereon, speak for themselves, and Counter-Defendants deny any characterization inconsistent with those documents. Counter-Defendants deny the remaining allegations of Paragraph 6.

7. Paragraph 7 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 7.

8. The referenced court filing is a written document that speaks for itself and Counter-Defendants deny any interpretation or characterization inconsistent with that document. Paragraph 8 also states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 8.

9. Paragraph 9 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 9.

10. Paragraph 10 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 10.

11. Paragraph 11 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 11.

12. Counter-Defendants deny the allegations of Paragraph 12.

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

13. Paragraph 13 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 13.

14. Paragraph 14 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 14.

15. Paragraph 15 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 15.

16. Counter-Defendants deny that Paragraph 16 accurately characterizes their knowledge or any admission. Counter-Defendants lack knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 16 and on that basis deny them.

17. The referenced court filings are written documents that speak for themselves and Counter-Defendants deny any interpretation or characterization inconsistent with those documents. Paragraph 17 also states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 17.

18. The referenced documents are written documents that speak for themselves and Counter-Defendants deny any interpretation or characterization inconsistent with that document. Paragraph 18 also states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 18.

19. Paragraph 19 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 19.

20. The referenced documents are written documents that speak for themselves and Counter-Defendants deny any interpretation or characterization inconsistent with that document. Paragraph 20 also states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 20.

21. Paragraph 21 states AppFolio's characterization of its own claims, together with legal conclusions and argument, to which no response is required. To the extent a response is required, Counter-Defendants deny the allegations of Paragraph 21.

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

## PARTIES

22. Counter-Defendants admit on information and belief that AppFolio is a California corporation and that AppFolio is headquartered in Goleta, California.

23. Counter-Defendants admit the allegations of Paragraph 23.

24. Counter-Defendants admit that Beagle Technologies, Inc. is a Delaware corporation. Except as expressly admitted, Counter-Defendants deny the allegations of Paragraph 24.

25. Counter-Defendants admit the allegations of Paragraph 25.

26. Counter-Defendants admit the allegations of Paragraph 26.

27. Counter-Defendants admit the allegations of Paragraph 27.

## JURISDICTION AND VENUE

28. Paragraph 28 states legal conclusions to which no response is required. To the extent a response is required, Counter-Defendants admit that this Court has subject-matter jurisdiction over AppFolio's federal counterclaim and may exercise supplemental jurisdiction over AppFolio's state-law counterclaims, while denying that any counterclaim has merit or entitles AppFolio to relief.

29. Paragraph 29 states legal conclusions to which no response is required. To the extent a response is required, Counter-Defendants admit that the parties are of diverse citizenship, and deny that AppFolio has suffered damages in any amount, including any amount exceeding $75,000.

30. Paragraph 30 states legal conclusions to which no response is required. To the extent a response is required, Counter-Defendants admit that they have submitted to the personal jurisdiction of this Court for purposes of this action, and deny the remaining factual allegations and characterizations of Paragraph 30.

31. Paragraph 31 states legal conclusions to which no response is required. To the extent a response is required, Counter-Defendants admit that venue is proper in this District for purposes of this action, and deny the remaining factual allegations and

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

characterizations of Paragraph 31.

## FACTS

32. Counter-Defendants admit that AppFolio offers a property-management software platform known as AppFolio Property Manager. Counter-Defendants lack knowledge or information sufficient to form a belief about AppFolio's fee structure and on that basis deny the remaining allegations of Paragraph 32.

33. Paragraph 33 states legal conclusions to which no response is required. Counter-Defendants lack knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 33 and on that basis deny them.

34. Counter-Defendants admit that a given property manager's AppFolio database may contain data from various sources. Counter-Defendants lack knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 34 and on that basis deny them.

35. Counter-Defendants deny the allegations of Paragraph 35, including any allegation that the data belongs to AppFolio or that the referenced features are "valuable" or "proprietary" to AppFolio.

36. Paragraph 36 states legal conclusions to which no response is required. To the extent a response is required, Counter-Defendants deny the allegations of Paragraph 36.

37. The Terms of Service is a written document that speaks for itself, and Counter-Defendants deny any characterization inconsistent with that document. Counter-Defendants deny the remaining allegations of Paragraph 37.

38. The Terms of Service is a written document that speaks for itself, and Counter-Defendants deny any characterization inconsistent with that document. Paragraph 38 also states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 38.

39. The Terms of Service is a written document that speaks for itself, and

6                                    2:25-cv-12248-JFW-SSC

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

Counter-Defendants deny any characterization inconsistent with that document. Paragraph 39 also states legal conclusions to which no response is required. To the extent a response is required, Counter-Defendants deny the allegations of Paragraph 39.

40. The Terms of Service is a written document that speaks for itself, and Counter-Defendants deny any characterization inconsistent with that document. Paragraph 40 also states legal conclusions to which no response is required. To the extent a response is required, Counter-Defendants deny the allegations of Paragraph 40.

41. The Terms of Service is a written document that speaks for itself, and Counter-Defendants deny any characterization inconsistent with that document. Paragraph 41 also states legal conclusions to which no response is required. To the extent a response is required, Counter-Defendants deny the allegations of Paragraph 41.

42. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 42 and on that basis deny them.

43. Counter-Defendants admit that Beagle offers insurance-related products and services and that AppFolio sells competing insurance products, including FolioGuard and Smart Ensure. Except as expressly stated, Counter-Defendants deny the remaining allegations of Paragraph 43.

44. Counter-Defendants deny the allegations of Paragraph 44.

45. The referenced court filing is a written document that speaks for itself, and Counter-Defendants deny any characterization inconsistent with that document. Except as so stated, Counter-Defendants deny the allegations of Paragraph 45.

46. Counter-Defendants admit that AppFolio's platform allows a customer to create user accounts. Paragraph 46 states legal conclusions to which no response is required. Except as expressly admitted, Counter-Defendants lack knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 46 and on that basis deny them.

47. Paragraph 47 states legal conclusions to which no response is required.

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

Counter-Defendants deny the remaining allegations of Paragraph 47.

48.    Paragraph 48 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 48.

49.    Counter-Defendants admit that in the past, at the customer's direction and with the customer's permission, when servicing a customer's AppFolio database, a Beagle entity servicing a customer would have been able to make changes in and use data from the customer's own database. Except as expressly admitted, Counter-Defendants deny the allegations of Paragraph 49.

50.    Paragraph 50 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 50.

51.    Paragraph 51 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 51.

52.    Counter-Defendants deny the allegations and characterizations of Paragraph 52.

53.    Counter-Defendants deny the allegations and characterizations of Paragraph 53.

54.    Counter-Defendants deny the characterizations and allegations of Paragraph 54.

55.    The referenced court filings are written documents that speak for themselves, and Counter-Defendants deny any characterization inconsistent with those documents. Counter-Defendants deny the remaining allegations of Paragraph 55.

56.    Paragraph 56 states legal conclusions to which no response is required. Counter-Defendants lack knowledge or information sufficient to form a belief about where AppFolio hosts its servers and on that basis deny those allegations. Counter-Defendants deny the remaining allegations of Paragraph 56.

57.    Counter-Defendants deny the allegations and characterizations of Paragraph 57.

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

58.    Counter-Defendants deny the allegations and characterizations of Paragraph 58.

59.    Counter-Defendants admit that some Beagle entities use customer-provided data to deliver their services. Except as expressly admitted, Counter-Defendants deny the remaining allegations of Paragraph 59.

60.    Counter-Defendants deny the allegations and characterizations of Paragraph 60.

61.    The referenced court filings are written documents that speak for themselves, and Counter-Defendants deny any characterization inconsistent with that document. Counter-Defendants deny the remaining allegations of Paragraph 61.

62.    Counter-Defendants admit, on information and belief, that AppFolio's platform permits customers to create employee accounts. Counter-Defendants lack knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 62 and on that basis deny them.

63.    Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 63 and on that basis deny them.

64.    Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 64 and on that basis deny them.

65.    Counter-Defendants deny the allegations of Paragraph 65.

66.    Counter-Defendants deny the allegations of Paragraph 66.

67.    Counter-Defendants deny the allegations of Paragraph 67.

68.    Counter-Defendants deny the allegations of Paragraph 68.

69.    The referenced document, if it exists, is a written document that speaks for itself, and Counter-Defendants deny any characterization inconsistent with that document. Counter-Defendants deny the remaining allegations of Paragraph 69.

70.    Counter-Defendants admit that AppFolio sent an email on or about December 9, 2025 regarding the disabling of certain accounts. The email speaks for itself, and

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

Counter-Defendants deny any characterization inconsistent with that document. Counter-Defendants deny any remaining allegations of Paragraph 70.

71. Paragraph 71 states legal conclusions to which no response is required. To the extent a response is required, Counter-Defendants deny the allegations of Paragraph 71.

72. Counter-Defendants admit the allegations of Paragraph 72.

73. The Santa Barbara TRO application is a written document that speaks for itself and Counter-Defendants deny any characterization inconsistent with that document. Counter-Defendants note further that the Santa Barbara TRO application was denied. Counter-Defendants deny any remaining allegations of Paragraph 73.

74. The Santa Barbara TRO application is a written document that speaks for itself and Counter-Defendants deny any characterization inconsistent with that document. Counter-Defendants note further that the Santa Barbara TRO application was denied. Counter-Defendants deny any remaining allegations of Paragraph 74.

75. Counter-Defendants admit the allegations of Paragraph 75. Counter-Defendants note further that the Santa Barbara TRO application was denied.

76. Paragraph 76 states legal conclusion to which no response is required. Counter-Defendants note further that the Santa Barbara TRO application was denied. To the extent a response is required, Counter-Defendants deny the allegations of Paragraph 76.

77. Counter-Defendants admit that they filed a complaint and an application for a temporary restraining order in this action on December 15, 2025. Counter-Defendants deny any characterization inconsistent with those documents. Counter-Defendants deny the remaining allegations of Paragraph 77.

78. Paragraph 78 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 78.

79. Counter-Defendants admit that their TRO application quoted certain

10                    2:25-cv-12248-JFW-SSC

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

provisions of AppFolio's Terms of Service. The TRO application is a written document that speaks for itself and Counter-Defendants deny any characterization inconsistent with that document. Except as expressly admitted, Counter-Defendants deny the allegations of Paragraph 79.

80. Counter-Defendants admit that they were aware AppFolio maintains a Terms of Service. Counter-Defendants deny the remaining allegations, argument, and characterizations of Paragraph 80.

81. The referenced court filing is a written document that speaks for itself and Counter-Defendants deny any characterization inconsistent with that document. Counter-Defendants deny the remaining allegations of Paragraph 81.

82. Paragraph 82 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 82.

83. Counter-Defendants admit the allegations of Paragraph 83.

84. Counter-Defendants admit that at some time after the Court's January 7, 2026 Order, AppFolio implemented mechanisms that prevented some Beagle entities from servicing customers on the AppFolio platform. Paragraph 84 states legal conclusions to which no response is required. Counter-Defendants lack knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 84 and on that basis deny them.

85. Paragraph 85 states legal conclusions to which no response is required. Counter-Defendants lack knowledge or information sufficient to form a belief about the allegations concerning AppFolio's internal awareness and on that basis deny them. Counter-Defendants deny the remaining allegations of Paragraph 85.

86. Paragraph 86 states legal conclusions to which no response is required. Counter-Defendants lack knowledge or information sufficient to form a belief about the allegations concerning AppFolio's knowledge and on that basis deny them. Counter-Defendants deny the remaining allegations of Paragraph 86.

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

87.     Paragraph 87 states legal conclusions to which no response is required. Counter-Defendants lack knowledge or information sufficient to form a belief about AppFolio's internal capabilities and on that basis deny those allegations. Counter-Defendants deny the remaining allegations of Paragraph 87.

88.     Counter-Defendants deny the allegations of Paragraph 88.

89.     Paragraph 89 states legal conclusions to which no response is required. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 89 and on that basis deny them.

90.     The referenced court filing is a written document that speaks for itself, and Counter-Defendants deny any characterization inconsistent with that document. Counter-Defendants deny the remaining allegations of Paragraph 90.

91.     Paragraph 91 states legal conclusions to which no response is required. Counter-Defendants lack knowledge or information sufficient to form a belief about what any customer forwarded to AppFolio and on that basis deny those allegations. Counter-Defendants deny the remaining allegations of Paragraph 91.

92.     Paragraph 92 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 92.

93.     Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 93 and on that basis deny them.

94.     Counter-Defendants deny the allegations of Paragraph 94.

95.     Paragraph 95 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 95.

96.     Paragraph 96 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 96.

97.     Counter-Defendants lack knowledge or information sufficient to form a belief about what AppFolio "discovered" and on that basis deny that allegation. Paragraph 97 states legal conclusions to which no response is required. Counter-Defendants deny the

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

remaining allegations of Paragraph 97.

98.    Paragraph 98 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 98.

99.    Counter-Defendants deny the allegations of Paragraph 99.

100.   Paragraph 100 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 100.

101.   Counter-Defendants lack knowledge or information sufficient to form a belief about AppFolio's internal detection capabilities and on that basis deny those allegations. Counter-Defendants deny the remaining allegations of Paragraph 101.

102.   Counter-Defendants lack knowledge or information sufficient to form a belief about what AppFolio has identified and on that basis deny those allegations. Counter-Defendants deny the remaining allegations of Paragraph 102.

103.   Paragraph 103 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 103.

104.   The referenced document is a written document that speaks for itself, and Counter-Defendants deny any characterization inconsistent with that document. Counter-Defendants admit the referenced letter is dated March 5, 2026, but deny that it was sent on March 5, 2026. Paragraph 104 also states legal conclusions to which no response is required. Counter-Defendants deny any remaining allegations of Paragraph 104.

105.   The referenced document is a written document that speaks for itself, and Counter-Defendants deny any characterization inconsistent with that document. Paragraph 105 also states legal conclusions to which no response is required. Counter-Defendants deny any remaining allegations of Paragraph 105.

106.   Counter-Defendants deny the allegations of Paragraph 106.

107.   Paragraph 107 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 107.

108.   Paragraph 108 states legal conclusions to which no response is required.

13                    2:25-cv-12248-JFW-SSC

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

Counter-Defendants admit that Beagle's counsel sent correspondence to AppFolio's counsel on or about March 12 but deny that the correspondence said that it would respond the next day.  Counter-Defendants deny any remaining allegations of Paragraph 108.

109.   Counter-Defendants admit the allegations of Paragraph 109.

110.   Counter-Defendants lack knowledge or information sufficient to form a belief about the allegations of Paragraph 110 and on that basis deny them.

111.   Counter-Defendants deny the allegations of Paragraph 111.

112.   Counter-Defendants deny the allegations of Paragraph 112.

113.   Paragraph 113 states legal conclusions to which no response is required. Counter-Defendants deny any remaining allegations of Paragraph 113.

114.   The referenced correspondence is a written document that speaks for itself, and Counter-Defendants deny any characterization inconsistent with that document. Paragraph 114 also states legal conclusions to which no response is required. To the extent a response is required, Counter-Defendants admit the referenced letter is dated March 5, 2026, but deny that it was sent on March 5, 2026. Counter-Defendants deny any remaining allegations of Paragraph 114.

115.   Paragraph 115 states legal conclusions to which no response is required. Counter-Defendants deny any remaining allegations of Paragraph 115.

116.   Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 116 and on that basis deny them.

117.   Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 117 and on that basis deny them.

118.   Counter-Defendants lack knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 118 and on that basis deny them.

119.   Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 119 and on that basis deny them.

120.   Paragraph 120 states legal conclusions to which no response is required.

14                    2:25-cv-12248-JFW-SSC

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

Counter-Defendants deny any remaining allegations of Paragraph 120.

121.    Paragraph 121 states legal conclusions to which no response is required. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning AppFolio's operations and internal decision-making. Counter-Defendants deny the remaining allegations of Paragraph 121.

122.    Paragraph 122 states legal conclusions to which no response is required. The referenced Terms of Service is a written document that speaks for itself, and Counter-Defendants deny any characterization inconsistent with that document. Counter-Defendants deny the remaining allegations of Paragraph 122.

123.    Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 123 and on that basis deny them.

124.    Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 124 and on that basis deny them.

125.    Paragraph 125 states legal conclusions to which no response is required. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 125 and on that basis deny them.

126.    Paragraph 126 states legal conclusions to which no response is required. The referenced Terms of Service is a written document that speaks for itself, and Counter-Defendants deny any characterization inconsistent with that document. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning AppFolio's operations and internal decision-making.  Counter-Defendants deny the remaining allegations of Paragraph 126.

127.    Paragraph 127 states legal conclusions to which no response is required. The referenced Terms of Service is a written document that speaks for itself, and Counter-Defendants deny any characterization inconsistent with that document. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning AppFolio's operations and internal decision-making.  Counter-

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

Defendants deny the remaining allegations of Paragraph 127.

128.    Counter-Defendants admit, on information and belief, that AppFolio's software platform includes a billing system. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning AppFolio's operations and internal decision-making.  Counter-Defendants deny the remaining allegations of Paragraph 128.

129.    Paragraph 129 states legal conclusions to which no response is required. To the extent a response is required, Counter-Defendants deny the remaining allegations of Paragraph 129.

130.    Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 130 and on that basis deny them.

131.    Paragraph 131 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 131.

132.    Paragraph 132 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 132.

133.    Paragraph 133 states legal conclusions to which no response is required. The referenced Terms of Service is a written document that speaks for itself, and Counter-Defendants deny any characterization inconsistent with that document. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning AppFolio's operations and internal decision-making.  Counter-Defendants deny the remaining allegations of Paragraph 133.

134.    Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 134 and on that basis deny them.

135.    Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning AppFolio's operations and internal decision-making.  Counter-Defendants deny the remaining allegations of Paragraph 135.

136.    Counter-Defendants lack knowledge or information sufficient to form a

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

belief about the truth of the allegations concerning AppFolio's operations and internal decision-making. Counter-Defendants deny the remaining allegations of Paragraph 136.

137. Paragraph 137 states legal conclusions to which no response is required. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning AppFolio's operations and internal decision-making. Counter-Defendants deny the remaining allegations of Paragraph 137.

138. Paragraph 138 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 138.

139. Paragraph 139 states legal conclusions to which no response is required. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning AppFolio's operations and internal decision-making. Counter-Defendants deny the remaining allegations of Paragraph 139.

140. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning AppFolio's operations and internal decision-making.  Counter-Defendants deny the remaining allegations of Paragraph 140.

141. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 141 and on that basis deny them.

142. Paragraph 142 states legal conclusions to which no response is required. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning AppFolio's operations and internal decision-making. Counter-Defendants deny the remaining allegations of Paragraph 142.

143. Paragraph 143 states legal conclusions to which no response is required. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning AppFolio's operations and internal decision-making. Counter-Defendants deny the remaining allegations of Paragraph 143.

## FIRST CAUSE OF ACTION

**(For Tortious Interference with Contract)**

PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS

144.    Counter-Defendants incorporate their responses to Paragraphs 1 through 143 as though fully set forth herein.

145.    Paragraph 145 states legal conclusions to which no response is required. The referenced Terms of Service is a written document that speaks for itself, and Counter-Defendants deny any characterization inconsistent with that document. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning AppFolio's operations and internal decision-making.  Counter-Defendants deny the remaining allegations of Paragraph 145.

146.    Counter-Defendants admit that they were aware AppFolio maintains Terms of Service. The referenced Terms of Service, court filings, and any correspondence are written documents that speak for themselves, and Counter-Defendants deny any characterization inconsistent with those documents. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning AppFolio's operations and internal decision-making.  Counter-Defendants deny any remaining allegations of Paragraph 146.

147.    The referenced court filing is a written document that speaks for itself, and Counter-Defendants deny any characterization inconsistent with that document. Counter-Defendants admit they are aware that AppFolio has customers. Counter-Defendants deny any remaining allegations of Paragraph 147.

148.    Paragraph 148 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 148.

149.    Paragraph 149 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 149.

150.    Paragraph 150 states legal conclusions to which no response is required. Counter-Defendants deny the allegations of Paragraph 150.

151.    Paragraph 151 states legal conclusions to which no response is required. The referenced Terms of Service is a written document that speaks for itself, and Counter-

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

Defendants deny any characterization inconsistent with that document. Counter-Defendants deny the remaining allegations of Paragraph 151.

152. Paragraph 152 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 152.

153. Paragraph 153 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 153.

154. Paragraph 154 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 154.

155. Paragraph 155 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 155.

156. Paragraph 156 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 156.

### SECOND CAUSE OF ACTION

### (For Violations of 18 U.S.C. § 1030 et seq.)

157. Counter-Defendants incorporate their responses to Paragraphs 1 through 156 as though fully set forth herein.

158. Paragraph 158 states legal conclusions to which no response is required. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning AppFolio's operations and internal decision-making. Counter-Defendants deny any remaining allegations of Paragraph 158.

159. Paragraph 159 states legal conclusions to which no response is required. Counter-Defendants deny the remaining allegations of Paragraph 159.

160. Paragraph 160 states legal conclusions to which no response is required. Counter-Defendants note further that Paragraph 160 refers to data owned by AppFolio's *customers*—not AppFolio. Counter-Defendants deny the remaining allegations of Paragraph 160.

161. Paragraph 161 states legal conclusions to which no response is required.

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

Counter-Defendants deny the remaining allegations of Paragraph 161.

162. Paragraph 162 states legal conclusions to which no response is required. The referenced Terms of Service, court filings, and any correspondence are written documents that speak for themselves, and Counter-Defendants deny any characterization inconsistent with those documents. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning AppFolio's operations and internal decision-making. Counter-Defendants deny any remaining allegations of Paragraph 162.

163. Paragraph 163 states legal conclusions to which no response is required. Counter-Defendants deny any remaining allegations of Paragraph 163.

164. Paragraph 164 states legal conclusions to which no response is required. Counter-Defendants deny any remaining allegations of Paragraph 164.

165. Paragraph 165 describes the relief AppFolio seeks and states legal conclusions to which no response is required. To the extent a response is required, Counter-Defendants deny that AppFolio is entitled to any relief.

166. Paragraph 166 states legal conclusions to which no response is required. Counter-Defendants deny any remaining allegations of Paragraph 166.

## THIRD CAUSE OF ACTION

### (For Violations of California Penal Code § 502 et seq.)

167. Counter-Defendants incorporate their responses to Paragraphs 1 through 166 as though fully set forth herein.

168. Paragraph 168 states legal conclusions to which no response is required. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning AppFolio's operations and internal systems. Counter-Defendants deny any remaining allegations of Paragraph 168.

169. Paragraph 169 states legal conclusions to which no response is required. Counter-Defendants deny any remaining allegations of Paragraph 169.

PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS

170. Paragraph 170 states legal conclusions to which no response is required. Counter-Defendants deny any remaining allegations of Paragraph 170.

171. Paragraph 171 states legal conclusions to which no response is required. Counter-Defendants deny any remaining allegations of Paragraph 171.

172. Paragraph 172 states legal conclusions to which no response is required. Counter-Defendants deny any remaining allegations of Paragraph 172.

173. Paragraph 173 states legal conclusions to which no response is required. The referenced Terms of Service is a written document that speaks for itself, and Counter-Defendants deny any characterization inconsistent with that document. Counter-Defendants deny any remaining allegations of Paragraph 173.

174. Paragraph 174 states legal conclusions to which no response is required. Counter-Defendants deny any remaining allegations of Paragraph 174.

175. Paragraph 175 states legal conclusions to which no response is required. Counter-Defendants deny any remaining allegations of Paragraph 175.

176. Paragraph 176 states legal conclusion to which no response is required. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations concerning AppFolio's operations and internal decision-making. Counter-Defendants deny any remaining allegations of Paragraph 176.

177. Paragraph 177 describes the relief AppFolio seeks and states legal conclusions to which no response is required. To the extent a response is required, Counter-Defendants deny that AppFolio is entitled to any relief.

178. Paragraph 178 states legal conclusion to which no response is required. Counter-Defendants deny any remaining allegations of Paragraph 178 and deny that AppFolio is entitled to punitive or exemplary damages.

## RESPONSE TO PRAYER FOR RELIEF

Counter-Defendants deny that AppFolio is entitled to the relief requested in its Prayer for Relief, or to any relief whatsoever, and deny that AppFolio has been damaged in any

21                           2:25-cv-12248-JFW-SSC

amount.

## GENERAL DENIAL

Counter-Defendants deny each and every allegation of the Counterclaims not expressly admitted above.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof they would not otherwise bear, and reserving the right to amend or supplement these defenses as discovery proceeds, Counter-Defendants assert the following separate and additional defenses to the Counterclaims.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Counterclaims, and each of them, fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Consent and Authorization by Data Owners)

The Counterclaims are barred because AppFolio's customers own the data in their databases and consented to and authorized the relevant Beagle entities' work done in those databases. That consent defeats each Counterclaim.

## THIRD AFFIRMATIVE DEFENSE

### (No Access "Without Authorization" or "Without Permission")

The CFAA and California Penal Code § 502 counterclaims fail because a contractual use restriction in AppFolio's Terms of Service cannot establish access "without authorization," access "in excess of authorization," or access "without permission." Any alleged "access" at issue was permitted and authorized by the customers who own the data.

## FOURTH AFFIRMATIVE DEFENSE

### (Justification and Privilege)

The tortious-interference counterclaim is barred because Counter-Defendants' conduct was privileged and justified, including by legitimate competition and by acting at

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

the direction and for the benefit of the customers who own the data.

## FIFTH AFFIRMATIVE DEFENSE

### (No Protectable or Proprietary Interest)

The Counterclaims are barred, in whole or in part, because the data at issue belongs to AppFolio's customers, not to AppFolio, and AppFolio has no protectable or proprietary interest in it.

## SIXTH AFFIRMATIVE DEFENSE

### (No Breach; No Inducement)

The tortious-interference counterclaim is barred because AppFolio's customers breached no enforceable contract and Counter-Defendants induced no breach or disruption of any contract.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Counterclaims are barred by the doctrine of unclean hands, including by AppFolio's own inequitable and anticompetitive conduct that is the subject of Counter-Defendants' claims, such as AppFolio's wrongful termination of customer-authorized services.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Acquiescence, and Ratification)

The Counterclaims are barred, in whole or in part, by waiver, estoppel, acquiescence, and ratification, including because AppFolio knew of and acquiesced in the conduct it now challenges.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Any recovery is barred or reduced because AppFolio failed to take reasonable steps to mitigate its purported damages.

## TENTH AFFIRMATIVE DEFENSE

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

**(No Damage or Cognizable Loss)**

The Counterclaims are barred, in whole or in part, because AppFolio suffered no damage or loss, including no "loss" of $5,000 or more under 18 U.S.C. § 1030(e)(11) and no cognizable damage under California Penal Code § 502.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Causation; Third-Party and Comparative Fault)**

Any alleged harm was caused by the conduct of AppFolio or of third parties, including by AppFolio's customers exercising their own rights over their own data, and not by Counter-Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

The Counterclaims may be barred, in whole or in part, by the applicable statutes of limitations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Punitive Damages)**

AppFolio is not entitled to punitive or exemplary damages because it cannot establish fraud, malice, or oppression, and any such award would violate the United States and California Constitutions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Injunctive Relief)**

AppFolio is not entitled to injunctive relief because it has an adequate remedy at law and cannot establish irreparable harm.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Improper Group Pleading)**

The Counterclaims fail, in whole or in part, because AppFolio's indiscriminate use of the collective term "Beagle" to refer to five separate entities fails to attribute any act to any particular Counter-Defendant and cannot support liability against any of them.

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

Counter-Defendants have not knowingly or intentionally waived any applicable defense and reserve the right to assert additional defenses that discovery may reveal.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Defendants pray for judgment as follows:

1.	That AppFolio takes nothing by its Counterclaims;

2.	That the Counterclaims be dismissed with prejudice and judgment be entered in favor of Counter-Defendants on each Counterclaim;

3.	That Counter-Defendants recover their costs of suit, and attorneys' fees to the extent permitted by law, including under California Penal Code § 502(e)(2); and

4.	For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Counter-Defendants demand a trial by jury on all counterclaims and issues so triable.

Respectfully submitted,

DATED: July 8, 2026                    GREENBERG TRAURIG, LLP


By:  */s/ David S. Bloch*

**GREENBERG TRAURIG, LLP**
David S. Bloch (SBN 184530)
Marcelo Barros (SBN 339069)
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.590.5110
blochd@gtlaw.com
marcelo.barros@gtlaw.com

Jake Evans (admitted *pro hac vice*)
Jordana Sternberg (admitted *pro hac vice*)

25                              2:25-cv-12248-JFW-SSC

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**

Terminus 200, 3333 Piedmont Road NE, Ste 2500
Atlanta, Georgia 30305
jake.evans@gtlaw.com
jordana.sternberg@gtlaw.com

*Attorneys for Plaintiffs and Counter-Defendants*
*Beagle Labs, Inc., et al.*

**PLAINTIFFS AND COUNTER-DEFENDANTS' ANSWER TO DEFENDANT APPFOLIO, INC.'S COUNTERCLAIMS**