Brian Procel (Cal. Bar No. 218657)
Brian@Procel-Law.com
Jeremiah Levine (Cal. Bar No. 288377)
Jeremiah@ProcelLevine.com
Marty Pritikin (Cal. Bar No. 210845)
Marty@Procel-Law.com
**PROCEL LEVINE LLP**
401 Wilshire Blvd, Fl 12
Santa Monica, CA 90401-1456
Phone: 424-788-4538

*Attorneys for Defendant AppFolio, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

BEAGLE LABS, INC., a Delaware corporation, BEAGLE TECHNOLOGIES, INC., a Delaware corporation, BIG BEAGLE, INC., a Delaware corporation, RENTAL PROPERTY MANAGERS ASSOCIATION LLC, an Alabama limited liability company, and YRIG RISK RETENTION GROUP, INC., an Alabama corporation,

Plaintiffs,

v.

APPFOLIO, INC., a California corporation,

Defendant.

Case No. 25-cv-12248-JFW-SSC

**JOINT STATEMENT PURSUANT TO LOCAL RULE 7-3 AND STANDING ORDER**

**COMPLAINT FILED DECEMBER 15, 2025**

Defendant AppFolio, Inc. ("Defendant" or "AppFolio"), and Plaintiffs Beagle Labs, Inc. et al., ("Plaintiff" or "Beagle") by and through their respective attorneys, submit this joint statement regarding the meeting of counsel.

## DETAILS OF CONFERRAL

On September 2, 2026, counsel for the parties met and conferred via video call. Counsel for AppFolio was in Nevada and counsel for Beagle was in Northern California. Counsel discussed AppFolio's contemplated motion for a preliminary injunction. The counsel present were Jeremiah Levine for AppFolio and David Bloch for Beagle. The conference lasted approximately 20 minutes.

## ISSUES DISCUSSED

During the meeting, counsel discussed the grounds for AppFolio's contemplated motion for a preliminary injunction.

## APPFOLIO'S POSITION

**Irreparable Harm**

AppFolio contends that a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and California Penal Code § 502 is itself irreparable harm, and that the only remaining question is whether the unauthorized access is likely to continue absent an injunction. AppFolio contends that Beagle has disregarded repeated demands to stop, has circumvented AppFolio's security measures, and has told this Court that it has "no choice" but to continue, each of which independently establishes that the access will continue.

**Violation of AppFolio's Property Rights**

AppFolio further contends that its ongoing inability to exclude Beagle from its computer systems creates a presumption of irreparable harm. AppFolio

contends that courts have recognized as much where a defendant persists in violating a plaintiff's property right and there is a high likelihood the conduct will continue.

**Harm to AppFolio's Goodwill**

AppFolio also contends that Beagle's inducement of AppFolio customers to breach their terms of service causes tension in AppFolio's relationships with its own customers. When AppFolio must confront its customers about that breach, and disable accounts those customers deliberately created, the resulting confrontations harm customer loyalty and AppFolio's goodwill.

## BEAGLE'S POSITION

Beagle opposes the contemplated motion.

**AppFolio's Delay Defeats Irreparable Harm.** AppFolio has known of the conduct it alleges violates the law (namely, AppFolio customers allowing Beagle to use their login credentials) at least as far back as December 9, 2025, when it filed a complaint against Beagle in Santa Barbara Superior Court. ECF 94. Immediately after filing that lawsuit, AppFolio moved for a temporary restraining order, seeking in part to block Beagle from "inducing AppFolio customers or clients to give Beagle or Beagle's representatives or agents access to their log-in credentials to their AppFolio customer account, or inducing them to otherwise violate their AppFolio terms of service."[1] AppFolio's TRO motion was

[1] **Exhibit 1:** AppFolio's Ex Parte Application for Temporary Restraining Order 2 ¶ (g), *AppFolio, Inc. v. Beagle Labs, Inc.*, No. 25CV07670 (Cal. Super. Ct. Santa Barbara Cnty. Dec. 9, 2025).

denied a day later.[2] AppFolio then filed a second *ex parte* TRO motion on December 15, seeking the same relief.[3] Following oral argument, the Santa Barbara Superior Court again denied AppFolio's TRO request.[4] Having lost twice in a stretch of 8 days last year, AppFolio did not seek a preliminary injunction. Instead, the Santa Barbara state court lawsuit is ongoing, with a case management conference scheduled for September 18.

AppFolio has been seeking to assert counterclaims regarding the conduct at issue in *this* case since March 2026. ECF 75. It pleaded counterclaims and alleged Computer Fraud and Abuse Act violations on June 19, 2026. ECF 87. At no point before now did it seek preliminary injunctive relief in this case.

AppFolio has lost its request for temporary injunctive relief on the merits twice, and should be estopped from seeking the same relief in this court. Moreover, the fact that AppFolio waited close to six months before seeking relief rebuts any claim of urgency and should prevent AppFolio from seeking emergency relief now. *Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213–14 (9th Cir. 1984) ("By sleeping on its rights a plaintiff demonstrates the lack of need for speedy action").

---

[2] **Exhibit 2:** Order denying Dec. 9 TRO; *see also* ECF 33-2 at 3 n.1.

[3] **Exhibit 3:** AppFolio's Notice of Appication for Order to Show Cause and Temporary Restraining Order at 2 ¶ (g), *AppFolio, Inc. v. Beagle Labs, Inc.*, No. 25CV07670 (Cal. Super. Ct. Santa Barbara Cnty. Dec. 15, 2025); *see also* ECF 33-2 at 3.

[4] **Exhibit 4:** Minute Order denying Plaintiff's ex Parte Application for Order to Show Cause and Temporary Restraining Order; *see also* ECF No. 22-2 at 2 (Barros Dec. ¶ 2).

**AppFolio's Harm Theories Fail.** An alleged statutory violation does not create a presumption of irreparable harm. *Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1162 (9th Cir. 2011) ("we do not presume irreparable harm simply because a defendant violates a statute that authorizes injunctive relief"). And neither 18 U.S.C. § 1030 nor Cal. Penal Code § 502 include a statutory presumption of harm.

Contrary to AppFolio's statements, AppFolio's customer contracts are just that—contracts, not "property rights." AppFolio's goodwill theory rests entirely on AppFolio's reluctance to trigger "confrontations" with its customers. AppFolio is free to terminate customers who violate its terms of service (none of whom it has identified even today); its customer-management problems do not create a right to relief against Beagle, much less create irreparable harm.

**AppFolio Cannot Show Likelihood of Success.** AppFolio's customers own their data and they are the ones who created accounts and supplied credentials to Beagle. It is undisputed—indeed, it is the central premise of AppFolio's promised motion—that Beagle was acting "with authorization" from the owners of the data; and there is no suggestion that Beagle used that access to "obtain information from particular areas in the computer—such as files, folders, or databases—to which their computer access does not extend." *Van Buren v. United States*, 593 U.S. 374, 378 (2021). Nor can it show that Beagle's access could "impair the 'integrity or availability' of data, nor did it otherwise harm the database system itself." *Id.* at 391. Instead, AppFolio's theory depends entirely on Terms of Service between AppFolio and its customers—contracts to which Beagle is a stranger.

In sum, AppFolio faces no new urgency, the legal basis for preliminary relief is weak if not estopped altogether, and the disputed facts cannot be resolved on declarations in the absence of complete discovery. If the motion is filed, Beagle will request additional discovery and an evidentiary hearing. And this will significantly complicate the path to trial, which is just about a year away: the parties have been ordered to mediate by November 2, 2026; discovery closes on June 1, 2027; and trial is set for September 28. ECF 67.

**ISSUES RESOLVED AND REMAINING**

Counsel for the parties were unable to reach a resolution. AppFolio intends to file its motion for a preliminary injunction.

Respectfully Submitted,

Dated: September 4, 2026 GREENBERG TRAURIG, LLP

By: /s/
David S. Bloch

*Attorneys for Plaintiffs*

Dated: September 4, 2026 PROCEL LEVINE, LLP

By: /s/
Jeremiah Levine

*Attorneys for Defendant AppFolio, Inc.*