# EXHIBIT G

**GREENBERG TRAURIG, LLP**
David S. Bloch (SBN 184530)
Marcelo Barros (SBN 339069)
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.655.1300
Facsimile: 415.707.2010
Blochd@gtlaw.com
Marcelo.Barros@gtlaw.com

Jake Evans (*pro hac vice*)
Jordana R. Sternberg (*pro hac vice*)
Terminus 200, 3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Telephone: 678.553.2100
Jake.Evans@gtlaw.com
Jordana.Sternberg@gtlaw.com

*Attorneys for Plaintiffs Beagle Labs, Inc., et al.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BEAGLE LABS, INC., a Delaware corporation, BEAGLE TECHNOLOGIES, INC., a Delaware corporation, BIG BEAGLE, INC., a Delaware corporation, RENTAL PROPERTY MANAGERS ASSOCIATION LLC, an Alabama limited liability company, and YRIG RISK RETENTION GROUP, INC., an Alabama corporation,

Plaintiffs,

v.

APPFOLIO, INC. a California corporation,

Defendant.

CASE NO. 2:25-cv-12248-JFW-SSC

**PLAINTIFF BIG BEAGLE, INC.'S AMENDED RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

PROPOUNDING PARTY: APPFOLIO, INC.

RESPONDING PARTY: BIG BEAGLE, INC.

SET NUMBER: One (1)

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Big Beagle, Inc. ("Big Beagle") hereby provides the following amended responses and objections to

Defendant AppFolio, Inc.'s ("AppFolio" or "Defendant") First Set of Interrogatories as follows.

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

1) The responses set forth below represent Big Beagle's present knowledge based upon discovery, investigation, and trial preparation to date. To the extent Big Beagle responds to any Interrogatory, it does so without conceding the materiality, admissibility or relevance of any such responses or documents. Big Beagle reserves all objections to the use of the responses. All such objections may be interposed by Big Beagle at the time of trial or as otherwise required by the rules of the Court.

2) Big Beagle's investigation into this matter is ongoing. Big Beagle may ascertain additional responsive documents and information at a later date. Big Beagle therefore reserves the right to amend, supplement or withdraw its responses and objections to these Interrogatories, and to supplement its production of documents in response to these Interrogatories.

3) Big Beagle's responses are made without waiver of the following rights, but, on the contrary, are intended to preserve and do preserve the following:

(i) The right to raise all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the information identified in response to the Interrogatories which may arise in any subsequent proceedings in, or trial of, this or any other action;

(ii) The right to object on any ground to the use of said information identified in response to the Interrogatories in any subsequent proceeding in, or trial of, this or any other action;

(iii) The right to object on any ground to the introduction into evidence of said information identified in response to the Interrogatories;

(iv) The right to object on any ground at any time to other discovery involving said information;

(v) The right to amend or supplement this response in the event that any information is unintentionally omitted. Inadvertent identification or production of privileged documents or information by Big Beagle is not a waiver of any applicable privilege; and

(vi) Its right to the return of inadvertently produced documents to which any privilege, protection, or immunity applies, or which are not responsive.

4) Big Beagle objects generally to the extent any of the Interrogatories seek information protected by the attorney-client privilege and/or attorney work product privilege, and objects specifically to the extent the definition of "You" to include "attorneys" seeks privileged and/or work product information. Any inadvertent disclosure thereof shall not be a waiver of any privilege. Big Beagle also objects generally to Defendant's prefatory definitions to the extent they seek information or documents protected by privilege.

5) Big Beagle objects to the Definitions, Instructions, and specific Interrogatories to the extent they purport to impose burdens or duties on Big Beagle that exceed the scope of reasonable and permissible discovery or that exceed the requirements of the Federal Rules of Civil Procedure or any other applicable law.

6) Big Beagle objects to the Interrogatories to the extent they seek the disclosure of confidential or sensitive communications, documents or information without the entry of an appropriate protective order.

7) Big Beagle objects to the definition of the term "You" as including "all of that entity's parents, subsidiaries, affiliates, agents, representatives" to the extent it purports to encompass or seek information from other named parties to whom separate Interrogatories have been or could be served. Expanding the definition of "You" in this manner improperly circumvents the numerical limits on interrogatories set forth in Federal Rule of Civil Procedure 33(a)(1).

8) Big Beagle objects to the defined term "Account Closure" to the extent it characterizes Defendant AppFolio, Inc.'s unilateral deactivation of authorized user accounts

as a neutral, permissible, or lawful act, and specifically to the extent it prejudges disputed factual and legal issues at the center of this litigation, including whether AppFolio's deactivation of Plaintiffs' authorized user accounts was lawful.

9) Big Beagle objects to the term "access" to the extent it is intended to incorporate or imply any legal conclusion under the Computer Fraud and Abuse Act or otherwise, including that any interaction with a customer account was unauthorized, exceeded authorization, or was unlawful. Big Beagle's use of any form of the word "access" in these responses is intended only in its ordinary, non-legal sense to describe customer-authorized use of customer-provisioned accounts, and does not concede any element of AppFolio's CFAA claim or waive any defenses or objections thereof.

Each of the objections set forth above (the "General Objections") are hereby incorporated into each of the specific responses set forth below.

## RESPONSES TO INTERROGATORIES

Subject to and without waiving the foregoing General Objections, which are incorporated into each response by reference, Big Beagle responds to each Interrogatory as follows:

**INTERROGATORY NO. 1:**

Describe each statement made by AppFolio that You contend constituted a "false and misleading representations of fact regarding the nature, characteristics, and quality of Beagle's products and services," as referenced in Paragraph 61 of Your complaint. (For this and the following Interrogatories, utilize the above definition of "describe" for statements or representations.)

**RESPONSE TO INTERROGATORY NO. 1:**

Big Beagle objects to this Interrogatory as a premature contention interrogatory to the extent it seeks to require Big Beagle to marshal all facts supporting a legal contention before depositions have been taken, before expert discovery, and while fact discovery remains in its earliest phases. Big Beagle further objects that Defendant is in equal or superior possession of information regarding its own statements.

factual and legal issues at the center of this litigation. Big Beagle objects to the term "AppFolio customer databases" to the extent that term is prejudicial and inaccurate, because the referenced databases contain data owned by Plaintiffs' customers, as AppFolio itself acknowledges in Section 1.4 of its Terms of Service. Big Beagle objects to the term "access" to the extent it states or assumes a legal conclusion and for the reasons stated in its General Objections.

Big Beagle further objects to this Interrogatory as compound insofar as it seeks identification of databases as well as a description of "all processes" and "technical method(s)," which are distinct inquiries. Big Beagle further objects to the extent this Interrogatory seeks confidential and proprietary business information, information that would identify third-party customers by name, and detailed technical information.

Subject to and without waiving the foregoing objections and its General Objections, and without adopting the objectionable characterizations described above, Big Beagle responds as follows: Following AppFolio's unilateral deactivation of Beagle's customer-authorized user accounts in or about December 2025, Big Beagle was prevented from continuing to service AppFolio-using customers of Big Beagle in the ordinary course. Big Beagle will produce, pursuant to Fed. R. Civ. P. 33(d) and subject to designation under the entered Stipulated Protective Order (Dkt. 93), a list identifying such customers to be produced on an "Attorneys' Eyes Only" or equivalent basis.

With respect to the processes by which Big Beagle became authorized to service these customer databases prior to the deactivation, Big Beagle responds as follows: In each instance, the AppFolio customer, acting as the owner of its data and the account administrator for its AppFolio subscription, used AppFolio's built-in user-management features to create a designated user account for Beagle within the customer's AppFolio database. The customer selected the permissions and role for that user account. Beagle then serviced the customer's database using the credentials associated with that customer-provisioned user account, in the same manner as other third-party vendors that service AppFolio customers, including Second Nature. Beagle did not use any automated script,

bot, scraper, or other means of automated access, did not use any credentials that had not been provided to it by the customer, and did not circumvent any technical measure or authentication requirement.

Big Beagle's investigation and discovery are ongoing, and Big Beagle reserves the right to amend or supplement this response.

**INTERROGATORY NO. 19:**

Identify all AppFolio customers to whose AppFolio databases You have had user access since the Account Closure. (For purposes of this Interrogatory, "You" and "Your" refers specifically to Plaintiff Big Beagle, Inc., not other Plaintiffs.)

**RESPONSE TO INTERROGATORY NO. 19:**

Big Beagle objects to this Interrogatory to the extent the phrase "have had user access" assumes any interaction by Big Beagle with customer databases following AppFolio's unilateral deactivation was unlawful, unauthorized, or improper. Big Beagle further objects to the defined term "Account Closure" to the extent it characterizes Defendant AppFolio, Inc.'s unilateral deactivation of authorized user accounts as a neutral, permissible, or lawful act, and specifically to the extent it prejudges disputed factual and legal issues. Big Beagle objects to the term "AppFolio databases" to the extent that term is prejudicial and inaccurate because the referenced databases contain data owned by Plaintiffs' customers. Big Beagle objects to the term "access" to the extent it states or assumes a legal conclusion and for the reasons stated in its General Objections. Big Beagle objects to the defined term "You" to the extent it purports to encompass or seek information from other named parties to whom separate Interrogatories have been or could be served.

Subject to and without waiving the foregoing objections and its General Objections, and without adopting the objectionable characterizations described above, Big Beagle responds as follows: Since the December 2025 deactivation, Big Beagle and its affiliated Beagle Entities have continued to service certain of their AppFolio-using customers pursuant to those customers' express authorization and direction, using methods that the

Big Beagle's investigation and discovery are ongoing, and Big Beagle reserves the right to amend or supplement this response.

**INTERROGATORY NO. 21:**

If any of Your responses to any of AppFolio's Requests for Admission was a denial in whole or in part, state all facts upon which you base that denial.

**RESPONSE TO INTERROGATORY NO. 21:**

Big Beagle objects to this Interrogatory because AppFolio has not served any Requests for Admission on Big Beagle, and therefore Big Beagle has not denied any such Requests and no response to this Interrogatory is due. Big Beagle objects to the defined term "You" to the extent it purports to encompass or seek information from other named parties to whom separate Interrogatories have been or could be served. Big Beagle also objects to this Interrogatory as a premature contention interrogatory.

DATED: August 12, 2026 GREENBERG TRAURIG, LLP

By /s/ David S. Bloch
David S. Bloch

**GREENBERG TRAURIG, LLP**
David S. Bloch (SBN 184530)
Marcelo Barros (SBN 339069)
101 Second Street, Suite 2200
San Francisco, California 94105-3668
Telephone: 415.655.1300
Facsimile: 415.707.2010
Blochd@gtlaw.com
Marcelo.Barros@gtlaw.com

Jake Evans (pro hac vice)
Jordana R. Sternberg (pro hac vice )
Terminus 200, 3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Telephone: 678.553.2100
Jake.Evans@gtlaw.com
Jordana.Sternberg@gtlaw.com

*Attorneys for Plaintiffs Beagle Labs, Inc., et al.*

# VERIFICATION

I declare that I am a representative of Beagle Labs, Inc., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I have read the foregoing **PLAINTIFF BIG BEAGLE'S AMENDED RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**, and the factual statements therein are true and correct to the best of my personal knowledge and based on the information available to me.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed DATE: 08/11/2026, at CITY, STATE: Dallas, Texas.

Signed by:
Anthony D'Angelo
EEAFBC18D1A242C...
Anthony D'Angelo