Brian Procel (Cal. Bar No. 218657)
Brian@ProcelLevine.com
Jeremiah Levine (Cal. Bar No. 288377)
Jeremiah@ProcelLevine.com
Marty Pritikin (Cal. Bar No. 210845)
Marty@ProcelLevine.com
**PROCEL LEVINE LLP**
401 Wilshire Blvd, Fl 12
Santa Monica, CA 90401-1456
Phone: 424-788-4538

*Attorneys for Defendant and Counterclaimant AppFolio, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BEAGLE LABS, INC., a Delaware corporation, BEAGLE TECHNOLOGIES, INC., a Delaware corporation, BIG BEAGLE, INC., a Delaware corporation, RENTAL PROPERTY MANAGERS ASSOCIATION LLC, an Alabama limited liability company, and YRIG RISK RETENTION GROUP, INC., an Alabama corporation,<br><br>Plaintiffs and Counter-Defendants,<br><br>v.<br><br>APPFOLIO, INC., a California corporation,<br><br>Defendant and Counterclaimant. | Case No. 2:25-cv-12248-JFW-SSC<br><br>Hon. John F. Walter<br><br>**DEFENDANT AND COUNTERCLAIMANT APPFOLIO, INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF THE SUPPLEMENTAL DECLARATION OF NATHANIEL DELAGE AND EXHIBIT A THERETO**<br><br>Hearing date: November 2, 2026<br>Hearing time: 1:30 p.m.<br>Trial: September 28, 2027<br><br>[Filed concurrently with Declarations of Sean Saxena and Jeremiah Levine and [Proposed] Order] |

**APPFOLIO'S APPLICATION FOR LEAVE TO FILE UNDER SEAL**

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

Under Section 9 of the Court's Standing Order (ECF 32) and Local Rule 79-5.2.2(a), Defendant and Counterclaimant AppFolio, Inc. ("AppFolio") applies for leave to file under seal limited portions of two documents that support its Reply in Support of its Motion for Preliminary Injunction (ECF 114):

1. The Supplemental Declaration of Nathaniel Delage (ECF 114-3) (the "Delage Declaration"); and

2. Exhibit A to the Delage Declaration, a post on X dated September 10, 2026 (ECF 114-4).

AppFolio does not seek to seal either document in full, or any part of its Reply. It asks only to redact two names: (1) the name of a non-party vendor whose user-access credentials were compromised in the security incident the Delage Declaration describes, and (2) the name of a non-party AppFolio customer that the post on X identifies. Every fact on which the Reply relies remains public. The unredacted documents, with the proposed redactions highlighted, are Exhibits A and B to the Saxena Declaration. The proposed public versions are Exhibits C and D. Beagle does not oppose this Application. Levine Decl. ¶ 3.

## I. THE MATERIAL APPFOLIO SEEKS TO SEAL

The Delage Declaration describes a security incident. A hacker obtained a third-party vendor's credentials for user access to AppFolio and used them to export approximately 228,000 work orders containing tenants' personally identifiable information. ECF 114-3 ¶¶ 7–9. The vendor (the "Vendor") is not a party. Saxena Decl. ¶ 4. AppFolio proposes to redact the Vendor's name each time it appears in the Delage Declaration.

Exhibit A to the Delage Declaration is a post on X that repeats an anonymous hacker's claim about the incident. ECF 114-3 ¶ 8. The post names the AppFolio customer whose data the hacker claims to have taken (the "Customer"). The Customer is a property-management company and is not a party. Saxena Decl. ¶ 7. AppFolio proposes to redact the Customer's name each time it appears in the exhibit. The post does not name the Vendor. *Id.* ¶ 5.

Everything else remains public, including the nature of the incident, how the hacker obtained access, the number and type of records taken, and AppFolio's response. Saxena Decl. ¶ 9.

## II. COMPELLING REASONS SUPPORT THE LIMITED SEALING APPFOLIO PROPOSES

The party seeking to seal judicial records bears the burden of establishing compelling reasons, supported by specific factual findings, sufficient to outweigh the public's interest in access to those records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097–99 (9th Cir. 2016). Compelling reasons exist when "court files might have become a vehicle for improper purposes," such as the use of records to "promote public scandal" or "circulate libelous statements." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The Court has already applied that standard in this case to seal the identities of non-party customers. ECF 103.

**A. The Vendor's identity.** The Vendor is not a party, and the post on X does not name it. Saxena Decl. ¶¶ 4–5. Naming the Vendor in a public court record would tie a non-party to a data breach in a lawsuit it is not part of and has no opportunity to address. That would harm the Vendor's reputation and its relationships with its own customers. *Id.* ¶ 6. It is the kind of "public scandal" that supports sealing. *Kamakana*, 447 F.3d at 1179. Confirming which vendor's credentials were compromised could also lead bad actors to target the Vendor and the AppFolio customers it serves. Saxena Decl. ¶ 6.

**B. The Customer's identity.** The Customer is a non-party AppFolio customer, and the Court has already sealed the identities of non-party customers in this case. ECF 103. The reasons are stronger here. The Customer's name appears in an X account's repetition of a hacker's unverified claim, but AppFolio has not publicly confirmed the Customer's identity. Saxena Decl. ¶¶ 7–8. Filing the Customer's name alongside AppFolio's sworn account of the incident would confirm that the Customer's tenants' data was compromised. That would expose

the Customer and its residents to further risk, and to public attention in a lawsuit to which they are not parties. *Id.* ¶ 8.

**C. Redaction is feasible and narrowly tailored.** The sealable information consists of two names. Neither bears on any issue before the Court. Redacting them leaves on the public record every fact on which AppFolio relies. Because the information appears in discrete words, AppFolio proposes redaction rather than sealing either document in full. Standing Order § 9.

## III. CONCLUSION

AppFolio respectfully requests that the Court grant leave to file under seal Exhibits A and B to the Saxena Declaration (the unredacted Delage Declaration and its Exhibit A). The redacted versions are already on the public docket at ECF 114-3 and ECF 114-4.

DATED: October 19, 2026

PROCEL LEVINE LLP

By: /s/ Jeremiah Levine
Brian Procel
Jeremiah Levine
Marty Pritikin

Attorneys for Defendant and
Counterclaimant AppFolio, Inc.

## CERTIFICATION REGARDING USE OF GENERATIVE ARTIFICIAL INTELLIGENCE

Pursuant to the Court's Order Re: Artificial Intelligence, counsel certifies that generative artificial intelligence was used in the preparation of this filing. Counsel has personally reviewed and verified the accuracy of all legal citations, quotations, factual statements, and legal analysis contained herein.

/s/ Jeremiah Levine